**KRONENBERGER BURGOYNE, LLP**
Henry M. Burgoyne, III (CA Bar No. 203748)
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
Margarita Calpotura (CA Bar No. 244711)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158
hank@kronenbergerlaw.com
karl@kronenbergerlaw.com
jeff@kronenbergerlaw.com
margarita@kronenbergerlaw.com

Attorneys for Defendant, MEMBER SOURCE MEDIA, LLC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ASIS INTERNET SERVICES,** a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**MEMBER SOURCE MEDIA, LLC,** a California limited liability company, dba **PREMIUM PERKS (aka PREMIUMPERKS.COM),** also dba **ONLINE REWARD GROUP (aka ONLINEREWARDGROUP.COM),** also dba **GREAT AMERICAN GIVEAWAYS (aka GREATAMERICANGIVEAWAYS.COM),** also dba **CONSUMER GAIN (aka CONSUMERGAIN.COM),** and **DOES ONE** through **FIFTY**, inclusive<br><br>Defendants. | Case No. CV-08-1321 EMC<br><br>**MEMBER SOURCE MEDIA, LLC'S ANSWER TO ASIS INTERNET SERVICES' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF – VIOLATION OF CAN-SPAM ACT OF 2003 [15 U.S.C. §7701, *et seq.*] AND CALIFORNIA BUSINESS & PROFESSIONS CODE §17529.5; MEMBER SOURCE MEDIA, LLC'S AFFIRMATIVE DEFENSES** |

Defendant, Member Source Media, LLC. ("Member Source" or "Defendant"), by and through its counsel, Kronenberger Burgoyne, LLP, for itself and no other party, as and for its Answer to Plaintiff ASIS Internet Services' ("Plaintiff" or "Asis") Complaint

("Complaint"), denies each and every allegation not specifically addressed herein, including Plaintiff's introductory Paragraph, and admits, avers and denies as follows:

## JURISDICTION AND VENUE

1. To the extent that the allegations contained in Paragraph 1 of the Complaint call for a conclusion of law, no response is required. To the extent that a response is required, Member Source denies same.

2. To the extent that the allegations contained in Paragraph 2 of the Complaint call for a conclusion of law, no response is required. Member Source denies that it maintains an office at 1322 Maple Street. Member Source denies the allegation in Paragraph 2 that "the other dba's named in this suit are copyrighted brand names owned by MEMBER SOURCE MEDIA, LLC." Member Source denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2, and on that basis, denies the same.

3. To the extent that the allegations contained in Paragraph 3 of the Complaint call for a conclusion of law, no response is required. Member Source denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3, and on that basis, denies the same.

## FACTUAL ALLEGATIONS

4. Member Source admits that it is a California limited liability company. Member Source admits that it provides Internet marketing services in the United States and California. Member Source denies the remaining allegations in Paragraph 4.

5. Member Source denies the allegations in Paragraph 5.

6. To the extent that the allegations contained in Paragraph 6 of the Complaint call for a conclusion of law, no response is required. Member Source denies the allegations contained in Paragraph 6.

7. To the extent that the allegations contained in Paragraph 7 of the Complaint call for a conclusion of law, no response is required. To the extent that a response is required, Member Source denies same.

8. To the extent that the allegations contained in Paragraph 8 of the Complaint call for a conclusion of law, no response is required. Member Source denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and on that basis, denies the same.

9. Member Source denies the allegations in Paragraph 9 of the Complaint.

10. Member Source denies the allegation in Paragraph 10 of the Complaint, which states: "Plaintiff received Defendant's emails and Plaintiff has suffered adverse affect [sic] from the sending and receipt of Defendant's emails." Member Source denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10, and on that basis, denies the same.

11. Member Source denies the allegations contained in Paragraph 11.

12. Member Source denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and on that basis, denies the same.

13. Member Source denies the allegations contained in Paragraph 13.

14. Member Source denies the allegations contained in Paragraph 14.

15. Member Source denies the allegations contained in Paragraph 15.

16. Member Source denies the allegations contained in Paragraph 16.

## **FIRST CAUSE OF ACTION**

17. In response to Paragraph 17 of the Complaint, Member Source incorporates its responses to Paragraphs 1 through 16, inclusive, with the same force and effect as if fully set forth herein.

18. Member Source denies the allegations contained in Paragraph 18.

19. To the extent that the allegations contained in Paragraph 19 of the Complaint call for a conclusion of law, no response is required. Member Source denies the allegation in Paragraph 19 that states: "all of the relevant electronic mails sent by or on behalf of Defendants on March 3, 2006, through January 21, 2008, contained or were accompanied by header information that was materially false or materially misleading."

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1 Member Source denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19, and on that basis, denies the same.

20. To the extent that the allegations contained in Paragraph 20 of the Complaint call for a conclusion of law, no response is required.  Member Source denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20, and on that basis, denies the same.

21. To the extent that the allegations contained in Paragraph 21 of the Complaint call for a conclusion of law, no response is required.  Member Source admits that its business model relies on email and Web-based advertisements.  Member Source denies the allegation in Paragraph 21 that states:

> Defendants sent or had sent 5006 separate items of electronic mail to Plaintiff's computers that include advertisements with a subject line that a person would know would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents and subject matter of the message.

Member Source denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21, and on that basis, denies the same.

22. To the extent that the allegations contained in Paragraph 22 of the Complaint call for a conclusion of law, no response is required.  Member Source denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22, and on that basis, denies the same.

23. Member Source admits that it uses the following marks/websites in its business: PREMIUM PERKS/PREMIUMPERKS.COM, ONLINE REWARD GROUP/ONLINEREWARDGROUP.COM, FREE RETAILREWARDS/FREERETAILREWARDS.COM, GREAT AMERICAN GIVEAWAYS/GREATAMERICANGIVEAWAYS.COM, CONSUMER GAIN/CONSUMERGAIN.COM.  Member Source denies knowledge or information

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1  sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23,
2  and on that basis, denies the same.

3  24.   Member Source denies knowledge or information sufficient to form a belief
4  as to the truth of the allegations in Paragraph 24, and on that basis, denies the same.

5  25.   To the extent that the allegations contained in Paragraph 25 of the
6  Complaint call for a conclusion of law, no response is required.  To the extent that a
7  response is required, Member Source denies same.

8  26.   To the extent that the allegations contained in Paragraph 26 of the
9  Complaint call for a conclusion of law, no response is required.  To the extent that a
10 response is required, Member Source denies same.

11 27.   To the extent that the allegations contained in Paragraph 27 of the
12 Complaint call for a conclusion of law, no response is required.  To the extent that a
13 response is required, Member Source denies same.

14 28.   To the extent that the allegations contained in Paragraph 28 of the
15 Complaint call for a conclusion of law, no response is required.  To the extent that a
16 response is required, Member Source denies same.

17 29.   To the extent that the allegations contained in Paragraph 29 of the
18 Complaint call for a conclusion of law, no response is required.  To the extent that a
19 response is required, Member Source denies same.

20 30.   To the extent that the allegations contained in Paragraph 30 of the
21 Complaint call for a conclusion of law, no response is required.  To the extent that a
22 response is required, Member Source denies same.

## SECOND CAUSE OF ACTION

24 31.   In response to Paragraph 31 of the Complaint, Member Source
25 incorporates its responses to Paragraphs 1 through 30, inclusive, with the same force
26 and effect as if fully set forth herein.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1  32. To the extent that the allegations contained in Paragraph 32 of the Complaint call for a conclusion of law, no response is required. Member Source denies the allegation in Paragraph 32 that states:

> All of the relevant electronic mail advertisements sent by or on behalf of the Defendants on March 3, 2006, through January 21, 2008, contained or were accompanied by header information that was materially false or materially misleading.

Member Source denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32, and on that basis, denies the same.

33. Member Source denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33, and on that basis, denies the same.

34. To the extent that the allegations contained in Paragraph 34 of the Complaint call for a conclusion of law, no response is required. To the extent that a response is required, Member Source denies same.

35. To the extent that the allegations contained in Paragraph 35 of the Complaint call for a conclusion of law, no response is required. Member Source denies the allegation in Paragraph 35 that states:

> The Defendants sent 5006 separate unsolicited electronic mail advertisements to plaintiff's computers that include various subject lines that were false and misleading and would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message in violation of California Business and Professions Code § 17529.5(a)(3).

Member Source denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35, and on that basis, denies the same.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1   36.    To the extent that the allegations contained in Paragraph 36 of the
2   Complaint call for a conclusion of law, no response is required.  To the extent that a
3   response is required, Member Source denies same.

4   37.    To the extent that the allegations contained in Paragraph 37 of the
5   Complaint call for a conclusion of law, no response is required.  To the extent that a
6   response is required, Member Source denies same.

## AFFIRMATIVE DEFENSES

Member Source sets forth below its affirmative defenses.  Each defense is asserted as to all causes of action unless otherwise noted.  By setting forth these affirmative defenses, Member Source does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.  Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiff's allegations.

## FIRST AFFIRMATIVE DEFENSE

As Member Source's First Affirmative Defense, Member Source asserts that Plaintiff has failed to state a cause of action upon which relief may be granted.  Plaintiff has failed to plead the prima facie elements of its asserted causes of action.

## SECOND AFFIRMATIVE DEFENSE

As Member Source's Second Affirmative Defense, Member Source asserts that Plaintiff's claims are barred, in whole or in part, because Plaintiff knowingly assumed the risks it now complains of.

On information and belief, Plaintiff accessed customer accounts, reconfigured its filtering service and servers, collected emails sent to former customers, and sent these emails to its attorneys and third parties, all for the sole purpose of pursuing litigation and recovering statutory damages.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

On information and belief, Plaintiff was aware of all of the consequences it now complains of well before the receipt of the alleged emails, and actually hoped to receive the alleged emails. Moreover, had Plaintiff not knowingly taken the affirmative efforts described above, it would not have received the alleged emails.

**THIRD AFFIRMATIVE DEFENSE**

As Member Source's Third Affirmative Defense, Member Source asserts that Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands and Plaintiff should be estopped from bringing this lawsuit.

Plaintiff has intentionally and with forethought engaged in a scheme to extort money from Member Source through the use of the CAN-SPAM Act of 2003 and California Business and Professions Code §17529.5.

On information and belief, Plaintiff has engaged in unlawful and criminal conduct to maintain this lawsuit against Member Source, including but not limited, to accessing former customers' email accounts without their consent.

Plaintiff has admitted that it has intentionally taken affirmative steps to cause the alleged misconduct and to incur the alleged harm.

**FOURTH AFFIRMATIVE DEFENSE**

As Member Source's Fourth Affirmative Defense, Member Source asserts that any recovery herein by Plaintiff is barred by the doctrine of in pari delicto, because Plaintiff bears fault for the damages it suffered.

**FIFTH AFFIRMATIVE DEFENSE**

As Member Source's Fifth Affirmative Defense, Member Source asserts that Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to use ordinary care and diligence to take all necessary steps to mitigate and minimize any damages Plaintiff claims to have sustained and for which it seeks recovery in this action.

## SIXTH AFFIRMATIVE DEFENSE

As Member Source's Sixth Affirmative Defense, Member Source asserts that if Plaintiff has sustained any injuries or incurred any adverse effect or losses, such adverse effect or losses, if any, were the result of intervening or superseding events, factors, occurrences, or conditions, which were in no way caused by Member Source and for which Member Source is not liable.

## SEVENTH AFFIRMATIVE DEFENSE

As Member Source's Seventh Affirmative Defense, Member Source asserts that any loss, injury or damage incurred by Plaintiff was proximately caused by the acts of third parties or non-parties whom Member Source neither controlled nor had the right to control.

## EIGHTH AFFIRMATIVE DEFENSE

As Member Source's Eighth Affirmative Defense, Member Source asserts that damages, if any, were proximately caused by Plaintiff and, therefore, require an allocation of fault.

## NINTH AFFIRMATIVE DEFENSE

As Member Source's Ninth Affirmative Defense, Member Source asserts that Plaintiff invited and consented to the acts of Member Source alleged in the Complaint.

On information and belief, but for Plaintiff's actions undertaken for the sole purpose of bringing this lawsuit, it would not have received the alleged emails at issue. Plaintiff took specific and concrete steps to receive and collect the alleged emails with the sole purpose of brining a lawsuit for statutory damages.

//

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

### TENTH AFFIRMATIVE DEFENSE

As Member Source's Tenth Affirmative Defense, Member Source asserts that Plaintiff's alleged incidents of loss and damage were intentionally caused by, or with knowledge and consent of Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

As Member Source's Eleventh Affirmative Defense, Member Source asserts that Plaintiff waived any claim or cause of action against Member Source for the acts alleged in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

As Member Source's Twelfth Affirmative Defense, Member Source asserts that Plaintiff's claims are barred in whole, or in part, under the doctrine of pre-emption.

### THIRTEENTH AFFIRMATIVE DEFENSE

As Member Source's Thirteenth Affirmative Defense, Member Source asserts that Plaintiff's action is barred by the principles of res judicata.  Many of the issues relevant to this case have been already adjudicated against ASIS by Judge Spero in the case, *ASIS v. Optin Global, et. al.*, No. C-05-5124.

### FOURTEENTH AFFIRMATIVE DEFENSE

As Member Source's Fourteenth Affirmative Defense, Member Source asserts that Plaintiff's action is barred by the principles of collateral estoppel.  Many of the issues relevant to this case have been already adjudicated against ASIS by Judge Spero in the case, *ASIS v. Optin Global, et. al.*, No. C-05-5124.

### ADDITIONAL AFFIRMATIVE DEFENSES

Member Source hereby gives notice that it intends to rely on any additional

1  affirmative defenses that become available or apparent during discovery and thus
2  reserve the right to amend their answer to assert such additional affirmative defenses.

5  Dated: April 16, 2008

Henry M. Burgoyne, III
Karl S. Kronenberger
Jeffrey M. Rosenfeld
Kronenberger Burgoyne, LLP

By:_____/s/_____
Jeffrey M. Rosenfeld

Attorneys for Defendant,
MEMBER SOURCE MEDIA, LLC.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

Case No. CV-08-1321 EMC              11              **MEMBER SOURCE ANSWER TO ASIS COMPLAINT**