**Jason K. Singleton**, State Bar #166170
jason@singletonlawgroup.com
**Richard E. Grabowski**, State Bar #236207
rgrabowski@mckinleyville.net
**SINGLETON LAW GROUP**
**611 "L" Street, Suite A**
**Eureka, CA 95501**

**(707) 441-1177**
**FAX  441-1533**

**Attorneys for Plaintiff, ASIS INTERNET SERVICES**

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASIS INTERNET SERVICES, a California corporation** | ) ) Case No.  CV-08-1321 EMC |
| **Plaintiff,** | ) ) **OPPOSITION TO DEFENDANT'S** |
| **vs.** | ) **MOTION FOR SECURITY BOND AND** ) **POINTS AND AUTHORITIES IN** ) **SUPPORT HEREOF** |
| **MEMBER SOURCE MEDIA, LLC, a California limited liability company, dba PREMIUM PERKS (aka PREMIUMPERKS.COM), also dba ONLINE REWARD GROUP (aka ONLINEREWARDGROUP.COM), also dba FREE RETAIL REWARDS (aka FREERETAILREWARDS.COM), also dba GREAT AMERICAN GIVEAWAYS (aka GREATAMERICANGIVEAWAYS.COM), also dba CONSUMER GAIN (aka CONSUMERGAIN.COM), and DOES ONE through FIFTY, inclusive,** | ) ) **Date:  June 11, 2008** ) **Time:  10:30 a.m.** ) **Ctrm:  C, 15th floor** ) ) ) ) ) ) ) ) ) ) |
| **Defendants.** | ) ) |

**TABLE OF CONTENTS**

**INTRODUCTION**.... ......... ........ ......... ......... ................... .......... .......... ......... .......... .........1

**BACKGROUND** .... .......... ......... .......... ......... .......... ......... ......... .........1

**DISCUSSION** ......... .......... ........ ......... .......... ......... ......... .......... ........ ........ .........1

1.      **Plaintiff's financial condition**. ... .......... ................... .......... .......... ......... ..........2

2.      **Defendant's allegation of abusive discovery is without merit**.... .......... .......... ........3

3.      **The Issue of Standing** .... .......... ........ .......... ......... .......... ......... ......... .........3

4.      **Merits of the within suit**.. .......... ......... ................... ......... .......... ......... .........9

5.      **Regarding aspersions by Defendant on Plaintiff's motives**. ....... .......... .......... ......10

1

## TABLE OF AUTHORITIES

2

**Cases**

*ASIS Internet Services v. Optin Global, Inc.*, Slip Copy, 2008 WL 1902217 at 24 (N.D.Cal.,2008) ............................................................................................. passim
*ASIS v Optin Global* (Northern District of California, C 05-5124 ..............................................2
*Branson v Nott*, 62 F.3d 287, 292 (9th Cir 1995) ........................................................................3
*Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) ...........................................................................11
*Gordon v. Virtumundo, Inc.*, 2007 WL 1459395 (W.D. Wash. May 15, 2007) ...................6, 7
*Hypertouch, Inc. v. Kennedy-Western University*, 2006 WL 648688 at 4 (N.D.Cal.,2006) ..6, 7
*In re Knight*, 207 F3d 1115, 1117 (9th Cir.2000)........................................................................3
*Lee v. City of Los Angeles*, 250 F.3d 668 at 690 (9th Cir., 2001)................................................4
*Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 156 (1986) .....................................................11
*Lujan v. Defenders of Wildlife*, 504 U.S. 555 at 561 (1992) ..................................................3, 8
*Molski v Levon Investments LLC,* 231 Fed. Appx. 685 (2007 WL 1426608) .........................3
*Simulnet East Associates v. Ramada Hotel Operating Co.*, 37 F.3d 573, 576 (9th Cir. 1994)..........................................................................................................2
*U.S. v. Contra Costa County Water Dist.*, 678 F.2d 90 at 92 (9th Cir., 1982) ........................2
*Warth v. Seldin*, 422 U.S. 490 at 500 (1975) ..............................................................................8

**Statutes**

15 *USC* 45(d) ................................................................................................................................10
15 *USC* 7701(6) ........................................................................................................................5, 6
15 *USC* 7704(a) .............................................................................................................................4
15 *USC* 7704(a)(6) .........................................................................................................................9
15 *USC* 7704(b) .............................................................................................................................4
15 *USC* 7706(g) .............................................................................................................................5
15 *USC* 7706(g)(1) .........................................................................................................................5
15 *USC* 7706(g)(3)(A) ................................................................................................................5, 6
16 *CFR* part 251 ..........................................................................................................................10
*California Business and Professions Code §17529.5* ...................................................1, 4, 9, 10
*CAN SPAM Act* .................................................................................................................. passim

**Rules**

*FRE* Rule 408 ...............................................................................................................................2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2
3

## INTRODUCTION

Plaintiff, **ASIS INTERNET SERVICES (hereafter ASIS)**, responds to Defendant, **MEMBER SOURCE MEDIA, LLC's (hereafter MSM)** Motion for Security Bond.

4
5

Plaintiff objects to Defendant's motion as Defendant failed to meet and confer prior to filing the within motion in violation of Local Rule 54-6.

6

## BACKGROUND

7
8
9
10
11

Plaintiff is a provider of internet access and email services to consumers. Defendant is an internet marketing firm that uses bulk commercial email to market its products. Defendant, or Defendant's affiliates, sent some 5,006 spam email messages to Plaintiff's email servers. These emails violate the *CAN SPAM Act* and *California Business and Professions Code* §17529.5.

12
13

The evidence to support Plaintiff's allegations is very strong, much of which is attached to the Complaint as Exhibits.

14
15
16
17
18
19
20
21
22
23
24
25

Just as important, the Defendant in this case is not the innocent it would have the Court believe. Member Source Media, LLC, currently has ten judgments against it for violations of *California Business and Professions Code* §17529.5. See the Notice of Entry of Judgments from the California Superior Court, County of San Mateo, Case Nos: SCC-104943, 103944, 103945, 104946, 104947, 104948, 104949, 104950, 104951, and 104952 attached to the Declaration of Jason K. Singleton (hereafter JKS) as Exhibit A. The Superior Court also ordered Mr. Sommer, President of Member Source Media, LLC, to appear for an examination of judgment debtor in relation to these judgments. Mr. Sommer failed to appear and a Bench Warrant has been issued by the Superior Court for Mr. Sommer's arrest. See Bench Warrant and Case Docket for SCC-104944 attached to JKS as Exhibit B. Plaintiff has ordered certified copies of these documents and will move the Court to take judicial notice of these matters when certified copies are available.

26

## DISCUSSION

27
28

"In requiring a security bond for defendants' costs, care must be taken not to deprive a plaintiff of access to the federal courts. To do so has serious constitutional implications. Our

statutes and case law make it evident that we studiously avoid limitation of access to the courts because of a party's impecunious circumstance." "In order to avoid depriving a plaintiff of access to the courts by a security bond requirement, the courts in some cases must strike a delicate balance...' 'toll-booths cannot be placed across the courthouse doors in a haphazard fashion. The district court, in the exercise of its sound discretion, must settle upon an assurance which is fair in the light not only of the case itself and of the exigencies faced by the defendant, but also fair when illuminated by the actual financial situation of the plaintiff." **Simulnet East Associates v. Ramada Hotel Operating Co.**, 37 F.3d 573, 576 (9th Cir. 1994)

In **ASIS v Optin Global** (Northern District of California, C 05-5124, Docket #72), Judge Wilkin denied Defendant's request for a security bond, stating: "*Moreover, this is a new area of law in which the scope of liability is not clear; requiring Plaintiff to post a security bond at this juncture could chill private enforcement of anti-spam laws.*" Courtesy copy attached hereto.

1. __Plaintiff's financial condition.__

Plaintiff is not "on the brink of bankruptcy." Plaintiff ASIS Internet Services has approximately 1000 internet customers and gross yearly revenues in the hundreds of thousands of dollars. In part because of the costs of spam filtering, the purchase of bandwidth, and server capacity sufficient to deal with several hundred thousand spam emails per day, and the consumption of many hours of customer service employees time dealing with spam, ASIS yearly profit is pedestrian. It's a living, and not much more.

Defendant's statement that Plaintiff's counsel represented ASIS would file bankruptcy is inaccurate. In any event, such conversations were during settlement discussions, and are therefore inadmissible, especially when that negotiation was with a third party (Azoogle.com, Inc.). **FRE Rule** 408; **U.S. v. Contra Costa County Water Dist.**, 678 F.2d 90 at 92 (9th Cir., 1982); Declaration of Jason K. Singleton, ¶3.

Plaintiff is not financially able to post a $200,000.00 cost bond. If that is required, Plaintiff will be denied access to the Court.

Defendant posits the within suit will be dismissed on the grounds Plaintiff lacks standing following Judge Spero's interpretation of "adverse effect" under the **CAN SPAM Act**. A

thorough discussion of that issue is set forth below.  Even supposing, for the sake of argument, that Defendant is correct, then Defendant will not incur any significant recoverable costs. Defendant's motion to dismiss will be heard before discovery commences, and before any out of pocket costs are incurred.  If the Defendant's motion to dismiss is granted on the basis of a lack of Standing, then Defendant cannot recover attorney fees.  *Molski v Levon Investments LLC,* 231 Fed. Appx. 685 (2007 WL 1426608) (courtesy copy attached), *Branson v Nott*, 62 F.3d 287, 292 (9th Cir 1995), *In re Knight*, 207 F3d 1115, 1117 (9th Cir.2000)  Consequently, even supposing Defendant is correct that Plaintiff lacks Standing, the only recoverable costs post a motion to dismiss will be the filing fee and duplication costs.  Therefore a bond request of $200,000 is without merit.

**2.  <u>Defendant's allegation of abusive discovery is without merit.</u>**

The ASIS v OPTIN GLOBAL matter was very complicated legally and factually.  Judge Spero noted this himself in the summary judgment order.  *ASIS Internet Services v. Optin Global, Inc.*, Slip Copy, 2008 WL 1902217 at 24 (N.D.Cal.,2008) (courtesy copy attached). There was, in fact, extensive discovery on both sides, and it was necessary.  The Defendant there, Azoogle, has many thousands of affiliates, who themselves have sub affiliates.  There was over ten thousand spam emails at issue, which were sent from a thousand different IP addresses.   The present matter differs significantly from the Azoogle matter.  In the present matter, it is clear that Defendant MSM has advertised its web sites, products and services within the body of the subject spam emails at issue in this litigation.

All cases require discovery.  That fact simply does not mitigate in favor of imposing a cost bond.

**3.  <u>The Issue of Standing.</u>**

Defendant's arguments concerning Standing are meritless at this point.   Prior to summary judgment, Standing is determined based on the factual allegations of the pleadings.

 "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice." *Lujan v. Defenders of Wildlife*, 504 U.S. 555 at 561 (1992). The **CAN SPAM Act** provides standing for an Internet Access Provider (hereafter "IAP")

1    adversely affected by various violations of 15 **USC** 7704(a).   Plaintiff ASIS provides Internet

2    access service within the meaning of 15 **USC** §7702(11) and email service within the meaning

3    of **California Business & Professions Code** §17529.5.    Complaint ¶ 8.  Plaintiff has alleged

4    it was adversely affected by the sending and receiving of the subject emails in this matter.

5    Complaint ¶10.   Plaintiff has alleged violations of 15 **USC** 7704(a) and (b), and **California**

6    **Business and Professions Code** §17529.5.

7             Therefore Plaintiff has met the requirements for standing at the pleading stage.

8             The Court may of course take judicial notice of the District Court's opinion in **ASIS**

9    **Internet Services v. Optin Global, Inc.**, Slip Copy, 2008 WL 1902217 (N.D.Cal.,2008).

10   However, the Court can only take notice of the existence of the opinion, "not for the truth of the

11   facts recited therein, but for the existence of the opinion…" **Lee v. City of Los Angeles**, 250

12   F.3d 668 at 690 (9th Cir., 2001).

13            Defendant's attorney's would have the present case before the Court decided on the

14   basis of **ASIS Internet Services v. Optin Global, Inc.**, Slip Copy, 2008 WL 1902217

15   (N.D.Cal.,2008):  "Judge Spero's decision likely precludes ASIS from even bringing this case."

16   Defendant's Memorandum (Docket 8)  P 2 L 12.   This would of course be an improper ruling.

17   **Lee v. City of Los Angeles**, 250 F.3d 668 at 690 (9th Cir., 2001).    As the **Lee**  case

18   established a court cannot assume the truth of the facts presented based on a prior decision,

19   and must "draw all reasonable inferences from plaintiffs' allegations".   **Lee v. City of Los**

20   **Angeles**, 250 F.3d 668 at 690 (9th Cir., 2001).

21            The case before the Court has different facts, is based on different transactions,

22   occurred in a different time frame, and is brought against a different Defendant.

23            Therefore, Defendant's arguments from the prior case regarding Plaintiff's Standing are

24   not relevant to the motion before the Court.

25            In addition, Judge Spero's decision was based on a narrow interpretation of the law and

26   the facts regarding adverse affect.  Plaintiff ASIS disputes that interpretation and the dispute is

27   before the 9th Circuit Court of Appeals.

28            The court in **ASIS Internet Services v. Optin Global, Inc.**, Slip Copy, 2008 WL

1902217 (N.D.Cal.,2008) held that Plaintiff, ASIS, did not have standing as and Internet Access Provider under 15 **USC** 7706(g) because ASIS had not demonstrated adverse affect at summary judgment.  To reach this conclusion the District Court created a definition of adverse affect that includes significant harm specifically caused by the subject emails.  The District Court's definition of adverse affect is not supported by the language of the statute or the legislative history.  In addition, in applying the significant harm definition the District Court did not accept the declarations of ASIS and did not treat that evidence in the light most favorable to the non-moving party.

Congress has identified the class of persons who have standing to bring actions under 15 **USC** 7706(g) as providers of Internet access services.  15 **USC** 7706(g)(1).   It is an undisputed fact that ASIS Internet Services is a provider of Internet access services.

15 **USC** 7706(g)(1) defines the requisite injury for standing as "adversely affected." Congress defined the type of harm that the **CAN SPAM Act** was intended to vindicate:

> (6) The growth in unsolicited commercial electronic mail imposes significant monetary costs on providers of Internet access services, businesses, and educational and nonprofit institutions that carry and receive such mail, as there is a finite volume of mail that such providers, businesses, and institutions can handle without further investment in infrastructure.  15 **USC** 7701(6).

The legislature further expanded on this definition in the penalties section:

> For purposes of paragraph (1)(B)(ii), the amount determined under this paragraph is the amount calculated by multiplying the number of violations (with each separately addressed unlawful message that is transmitted or ***attempted to be transmitted*** over the facilities of the provider of Internet access service…  15 **USC** 7706(g)(3)(A). (emphasis added)

The text of the **CAN SPAM Act** clearly points to the harm, relating to IAPs, that the Act is attempting to redress as the cost of carrying SPAM emails over the IAP's facilities.  The **ASIS v Optin Global** Court did not agree with this definition of harm and created a new definition that in effect makes it impossible for any IAP to bring an action under the **CAN SPAM Act**[1].

---

[1] Virtually every IAP purchases spam filtering.  If the IAP let hundreds of thousands or millions of spam each day get through to their clients, they would be out of business within days.  Hence, if an IAP is going to file suit over spam sent to its servers, that spam must be collected either before it hits the spam filter, or after.  In either event,

The **ASIS v Optin Global** Court relied heavily on the legislative history.  However, even though the District Court cites the Senate Report text, it did not give credence to the clear language concerning enforcement of the act in **S. REP. NO. 108-102**, at 22 (2003) (Comm. Rep. on **CAN-SPAM Act of 2003** (S.877)):

> Section 7(f) would allow a provider of Internet access service adversely affected by a violation of section 5 to bring a civil action in Federal district court or other court of competent jurisdiction. This could include a service provider who carried unlawful spam over its facilities, or who operated a website or online service from which recipient e-mail addresses were harvested in connection with a violation of section 5(b)(1)(A)(i). (Emphasis added).

This text from the legislative record clearly indicates that the type of harm contemplated for enforcement is "carrying the unlawful spam over" the IAP's facilities.  This correlates exactly with the language in the statute at 15 **USC** 7706(g)(3)(A) and 15 **USC** 7701(6).  This portion of the legislative history appears in the section labeled "Section 7. Enforcement by the Federal Trade Commission".   Even though labeled under the FTC this section also includes enforcement by State Attorney Generals and IAPs.  See **S. REP. NO. 108-102**, at 22 (2003) (Comm. Rep. on **CAN-SPAM Act of 2003** (S.877)).

This definition takes into account the ongoing harm that every legitimate IAP incurs on a daily basis.  IAPs incur ongoing costs for filtering, network bandwidth, processing, storage, and customer service.

The **ASIS v Optin Global** Court relied heavily on **Gordon v. Virtumundo, Inc.**, 2007 WL 1459395 (W.D. Wash. May 15, 2007) (courtesy copy attached) in its decision.  The **ASIS v Optin Global** Court and the **Gordon** Court also cite **Hypertouch, Inc. v. Kennedy-Western University**, 2006 WL 648688 at 4 (N.D.Cal.,2006) (courtesy copy attached) citing the text "Hypertouch has submitted a declaration indicating that high spam loads have caused decreased server response and crashes, led to higher bandwidth utilization, and forced expensive hardware and software upgrades." **ASIS Internet Services v. Optin Global, Inc.**,

---

the IAP will have a very difficult time showing the discreet, individualized economic loss from the subject emails required by Judge Spero.  If it is collected before, defendants will say plaintiff turned off their spam filter.  If after, they will say there was no discreet loss since the spam was blocked by the filter.

1    Slip Copy, 2008 WL 1902217 at 25 (N.D.Cal.,2008); **Gordon v. Virtumundo, Inc.**, 2007 WL

2    1459395 at 5 (W.D. Wash. May 15, 2007).

3        The District Court defined "adversely affected" as "a particular type of harm and that

4    harm is 'significant'."  Relying on **Hypertouch, Inc. v. Kennedy-Western University**, 2006 WL

5    648688 (N.D. Cal. March 8, 2006), **Gordon v. Virtumundo, Inc.**, 2007 WL 1459395 (W.D.

6    Wash. May 15, 2007); and portion of the legislative record at **S. REP. NO. 108-102**, at 6 (2003)

7    (Comm. Rep. on **CAN-SPAM Act of 2003** (S.877)).

8        As both the **ASIS v Optin Global** Court and the **GORDON** Court noted, the Congress

9    described the harm caused by SPAM as:

10        "[s]pam imposes significant economic burdens on ISPs, consumers
          and businesses" because "[m]assive volumes of spam can clog a
11        computer network, slowing Internet service for those who share that
          network. ISPs must respond to rising volumes of spam by investing
12        in new equipment to increase capacity and customer service
          personnel to deal with increased subscriber complaints."  Order P.
13        25 L 23 – 26;  **Gordon v. Virtumundo, Inc.**, 2007 WL 1459395 at
          6 (W.D. Wash. May 15, 2007); citing S. REP. NO. 108-102, at 6
14        (2003) (Comm. Rep. on **CAN-SPAM Act of 2003** (S.877))
15        (courtesy copy attached)

16        This section of text appears under the title "Costs to ISPs, Consumers, and Businesses."

17    **S. REP. NO. 108-102**, at 6 (2003) (Comm. Rep. on **CAN-SPAM Act of 2003** (S.877)).  It does

18    not appear in the section of the report labeled "Section 7. Enforcement by the Federal Trade

19    Commission" ibid. at 22.

20        Considering this language, the ongoing costs of filtering and prosecuting spammers also

21    represent adverse affect.

22        These citations to the Senate report also represent the state of technology and

23    investment by IAPs in 2003.  They do not represent the environment today.

24        The Federal Trade Commission reports that SPAM filters used by ISPs effectively block

25    the vast majority of SPAM sent to harvested email accounts.  **FTC Staff Report**:  *Spam*

26    *Summit: The Next Generation of Threats and Solutions*, November 2007, P A-1 (courtesy copy

27    attached).   Because IAPs have improved their networks, increased bandwidth and server

28    capacity, and installed SPAM filtering processes they no longer experience server crashes

1    based on spam attacks. *Id.*

2         The amount of SPAM has not decreased, it has increased at astronomical rates.

3    Ironport Systems Inc., an Internet security firm, reports that in 2005 SPAM volumes increased

4    by 200%.  Ironport further reports that SPAM volumes more than tripled in 2006 and the trend

5    indicated SPAM volumes would more than double in 2007.   This required a 300 percent

6    increase in email gateway capacity in 2006 over 2005.   *Ironport Systems, Inc.: INTERNET*

7    *SECURITY TRENDS FOR 2007, A REPORT ON SPAM, VIRUSES AND SPYWARE*, by Tom

8    Gillis, 2007 P 3 (courtesy copy attached)..

9         Under the District Court's definition of "adverse affect" it is unlikely that any provider of

10   Internet access services will ever have standing to bring a suit under the **CAN SPAM Act**.

11   IAPs, including ASIS, have put into place filtering systems, better networks, more processing

12   capacity and staff to handle complaints.  Servers and networks no longer crash.  Customers do

13   not see the great majority of SPAM.  Even so, IAPs must continue to spend resources, at a

14   growing rate, in order to stop the increasing onslaught of SPAM.   This is exactly what the

15   legislature predicted and exactly what they intended to prevent by the **CAN SPAM Act of 2003**.

16        Further it is likely that even this level of harm is not necessary as **Article III** standing

17   can be created by Congress creating a right and the invasion of that right.  The Court in **Lujan**

18   stated: "Nothing in this contradicts the principle that '[t]he ... injury required by Art. III may exist

19   solely by virtue of 'statutes creating legal rights, the invasion of which creates standing.' ' "

20   **Lujan v. Defenders of Wildlife**, 504 U.S. 555 at 578 (1992); citing **Warth v. Seldin**, 422 U.S.

21   490 at 500 (1975).  As examples the Court cited:  "individual's personal interest in living in a

22   racially integrated community,… and injury to a company's interest in marketing its product free

23   from competition."  **Lujan v. Defenders of Wildlife**, 504 U.S. 555 at 578 (1992).  Clearly the

24   Congress intended to create a legal right for IAPs and consumers not to be spammed and

25   empowered IAPs to enforce that right.  Invasion of that right therefore creates standing.  In this

26   case Congress not only intended to create a legal right it intended to make that right a

27   deterrent to the sending of SPAM.

28        If the Court finds that the significant harm definition of adverse affect is correct, then the

1  intent of the legislature to protect the IAPs will have been thwarted.

2  **4.    Merits of the within suit.**

3      The case against MSM is very strong.  This is not a frivolous suit based on the evidence

4  provided in the Complaint.

5      The emails contain advertisements for MSMs web sites.  The emails all contain false

6  header information.  The emails and the subject lines all contain offers of free prizes.  The

7  emails all contain links that re-direct to MSM web sites.  The only outstanding information

8  required is evidence of whether MSM knew or consciously avoided knowing their affiliates

9  would violate the *CAN SPAM Act*.    Little or no evidence is required for the second cause of

10  action for violation of *California Business and Professions Code* §17529.5

11      Each of the emails contain an advertisement for Defendant's brand names.  Plaintiff has

12  included all of these brand names as Defendants in this matter. See Complaint Caption and ¶5,

13  also see Exhibit B to the Complaint.   These statements identifying the brands in the emails are

14  all of the same general format:

15          Or mail to:
            Online Reward Group
16          1325 Howard Avenue, #103
            Burlingame, CA 94010

17          This is an advertisement. This promotion is conducted exclusively
18          by onlinerewardgroup.com and is subject to participation terms and
            conditions:
19          http://www1.samplesdelivery.net/t/c/32/allgi1015/az95929.html
20          Receipt of your item requires compliance with offer terms,
            including: age and residency requirements; registration with valid
21          email address, shipping address and contact phone number;
            completion of user survey and sponsor promotions. Upon valid
22          completion of all requirements, we will ship your item to your
            provided    shipping    address.    Unless    otherwise    indicated,
23          participation eligibility is restricted to US residents, 18 and over.

24          See Exhibit D to Complaint.

25      All of these emails have false header information, in that they were sent using domain

26  names that are registered through privacy/proxy services.  See Complaint ¶19.  This hides the

27  identity of the sender from an Internet service provider or investigator making them materially

28  false by definition.  15 *USC* 7704(a)(6).

1       All of the emails contain subject lines that indicate there is a prize or free gift in the email.
2  See Complaint ¶5 and Exhibit D.  The requirements for these free gifts are not displayed in a
3  manner that meets the FTC's advertising rules.  16 **CFR** part 251 and 15 **USC** 45(d).

4       Based on these assertions the primary issues for discovery by Plaintiff regard: 1) who
5  was the actual sender of the emails, if it was not MSM; and 2) If MSM was not the sender, did
6  they hire or induce the sending of the emails with knowledge or consciously avoid knowing the
7  sender would violate the **CAN SPAM Act**.

8       Only very limited evidence is needed to move for a judgment on the second cause of
9  action for violations of **California Business and Professions Code** §17529.5.

10       Given MSM's history of adverse judgments for violations of **California Business and
11  Professions Code** §17529.5, it is unlikely they will be able to present an effective defense.
12  See Judgments and Bench Warrant (Exhibits A and B to JKS)

13  **5.**    <u>**Regarding aspersions by Defendant on Plaintiff's motives**</u>.

14       Defendant's cast aspersions on Plaintiff ASIS as doing something improper by bringing
15  **CAN SPAM Act** lawsuits against known SPAMMERS for emails received by ASIS' email
16  servers.  SPAM is illegal and Plaintiff is a valid business that has a right to protect itself against
17  illegal attack.

18       Plaintiff receives over 200,000 spam emails every day.  This attack is ongoing and
19  increasing at a rapid rate.  The fact that Plaintiff has brought multiple suits against multiple
20  defendants is nothing more than an indication of the level of attack by these spammers.

21       Plaintiff did not go out looking for these SPAM emails.  They were intentionally sent to
22  Plaintiff's email servers in violation of the **CAN SPAM Act of 2003** and **California Business
23  and Professions Code** §17529.5.  It is impossible for the senders not to have intended that the
24  illegal SPAM be sent to ASIS' servers, as each and every email contains a sent to address at
25  "asis.com."

26       The **CAN SPAM Act of 2003** is a remedial statute that provides Standing specifically for
27  Internet Access Providers, like ASIS, to protect itself by bringing suit in federal court. 15 **USC**
28  7706(g)(1).  Plaintiff and many other IAPs have brought law suits to stem the tide of SPAM;

1    including Microsoft, AOL, Earthlink, Verizon, and a variety of smaller IAPs.  This has worked to

2    effectuate the intent of the statute:

> Based on its own enforcement and policy work, and on the information gleaned from the extensive research conducted to prepare this Report, the Commission believes that the Act has been effective in achieving two desired outcomes. First, the substantive provisions of the Act have mandated adoption of a number of commercial email "best practices" that many legitimate online marketers are now following. Second, the Act has provided law enforcement agencies and ISPs with an additional tool to use when bringing suit against spammers.
>
> **FTC Report:** *Effectiveness and Enforcement of the CAN SPAM Act, a Report to Congress*, December 2005 at ii (courtesy copy attached).

11    Defendant's would now have the Court declare legitimate businesses who enforce

12    statutory rights as the criminals instead of the spammers.

13    Because this issue relates directly to the award of attorney fees and costs, the most

14    instructive case is the Supreme Court decision of *Fogerty v. Fantasy, Inc.*, 510 U.S. 517

15    (1994).  The Court adopted an "evenhanded approach" whereby the same standard is applied

16    to both prevailing plaintiffs and prevailing defendants.   "Prevailing plaintiffs and prevailing

17    defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties

18    only as a matter of the court's discretion. There is no precise rule or formula for making these

19    determinations," *id.* at 534.  The suggested factors to consider are: "frivolousness, motivation,

20    objective unreasonableness (both in the factual and in the legal components of the case) and

21    the need in particular circumstances to advance considerations of compensation and

22    deterrence."  *Id.* at FN 19 (quoting *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 156

23    (1986)).  The Court emphasized that application of the factors must be "faithful to the purpose"

24    of the statute.  *Id.*

25    Plaintiff has demonstrated that this case is not frivolous.  Plaintiff has demonstrated a

26    proper purpose or motivation.  Plaintiff has demonstrated that its case is not unreasonable from

27    either a factual or legal standpoint.  The imposition of a bond will in fact defeat the purpose of

28    the *CAN SPAM Act*.

Defendant would now have the injured plaintiff put up bonds to be allowed to enforce their private right of action.  If the Court agrees this will effectively end litigation by IAPs against spammers and thwart the intent of the legislature.

**SINGLETON LAW GROUP**

Dated:          May 16, 2008                  /s/ Jason K. Singleton
                                              Jason K. Singleton
                                              Richard E. Grabowski, Attorneys for Plaintiff,
                                              **ASIS INTERNET SERVICES**

**Jason K. Singleton,** State Bar #166170
jason@singletonlawgroup.com
**Richard E. Grabowski,** State Bar #236207
rgrabowski@mckinleyville.net
**SINGLETON LAW GROUP**
**611 "L" Street, Suite A**
**Eureka, CA 95501**

**(707) 441-1177**
**FAX  441-1533**

**Attorneys for Plaintiff, ASIS INTERNET SERVICES**

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASIS INTERNET SERVICES, a California corporation**<br><br>        **Plaintiff,**<br>**vs.**<br><br>**MEMBER SOURCE MEDIA, LLC, a California limited liability company, dba PREMIUM PERKS (aka PREMIUMPERKS.COM), also dba ONLINE REWARD GROUP (aka ONLINEREWARDGROUP.COM), also dba FREE RETAIL REWARDS (aka FREERETAILREWARDS.COM), also dba GREAT AMERICAN GIVEAWAYS (aka GREATAMERICANGIVEAWAYS.COM), also dba CONSUMER GAIN (aka CONSUMERGAIN.COM), and DOES ONE through FIFTY, inclusive,**<br><br>        **Defendants.** | **Case No.  CV-08-1321 EMC**<br><br>**DECLARATION OF JASON K. SINGLETON IN SUPPORT OF OPPOSITION TO MOTION FOR SECURITY BOND**<br><br>**DATE:  June 11, 2008**<br>**TIME:    10:30 a.m.**<br>**CTRM:  C, 15th floor** |

        I, JASON K. SINGLETON , declare as follows:

        1.      I am an attorney duly licensed to practice in the United States District Court, Northern District of California, and I am one of the attorneys of record for Plaintiff.  I have personal and firsthand knowledge of each fact hereinafter set forth and if called to testify could and would competently testify to the matters set forth herein.

        2.      Attached hereto as Exhibit "A" is a true and correct copy of the ten (10) Notice

1  of Entry of Judgments against Member Source Media, LLC, entered in the Superior Court of

2  California, County of San Mateo.  Certified copies will be submitted to the Court with a

3  Request for Judicial Notice upon receipt from the Superior Court.

4       3.     Attached hereto as Exhibit "B" is a true and correct copy of the Docket Sheet for

5  case No. SCC-104944 in the Superior Court of California, County of San Mateo, and a copy

6  of the Bench Warrant issued against Chris Somer (sic), President of Member Source Media,

7  LLC.  A certified copy of the Bench Warrant will be submitted to the Court with a Request for

8  Judicial Notice upon receipt from the Superior Court.

9       4.     The conversations that Mr. Burgoyne refers to in his declaration, as pertinent to

10  Plaintiff's financial condition, were during the course of settlement discussions.

11       I declare under penalty of perjury under the laws of the United States of America that

12  the foregoing is true and correct.

13

14                                **SINGLETON LAW GROUP**

15

16  Dated:       May 16, 2008        /s/ Jason K. Singleton

                                   Jason K. Singleton

17

18

19

20

21

22

23

24

25

26

27

28

SC-130

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO, SMALL CLAIMS DIVISION

☐ SOUTHERN BRANCH
500 County Center
Redwood City, CA 94063
(650) 363-4303

☒ CENTRAL BRANCH
800 N. Humboldt St.
San Mateo, CA 94401
(650) 573-2605

☐ NORTHERN BRANCH
1050 Mission Road
So. San Francisco, CA 94080
(650) 877-5775

Court Website: www.sanmateocourt.org

SMALL CLAIMS CASE NO.: SCC-104943

| NOTICE TO ALL PLAINTIFFS AND DEFENDANTS: Your small claims case has been decided. If you lost the case, and the court ordered you to pay money, your wages, money, and property may be taken without further warning from the court. Read the back of this sheet for important information about your rights. | AVISO A TODOS LOS DEMANDANTES Y DEMANDADOS: Su caso ha sido resuelto por la corte para reclamos judiciales menores. Si la corte ha decidido en su contra y ha ordenado quo usted pague dinero, le pueden quitar su salario, su dinero, y otras cosas de su propiedad, sin aviso adicional por parte de esta corte. Lea el reverso de este formulario para obtener informacion de importancia acerca de sus derechos. |
|---|---|

PLAINTIFF/DEMANDANTE (Name, street address, and telephone number of each):

LARRY STORIE
818 VIRGINIA WOODS LANE.
ORLANDO, FL 32824

Telephone No.:

Telephone No.:

DEFENDANT/DEMANDADO *-(Name, street address, and telephone number of each):

MEMBER SOURCE MEDIA, LLC
1322 MAPLE STREET.
SAN MATEO, CA 94402

Telephone No.:

Telephone No.:

☐ See attached sheet for additional plaintiffs and defendants.

## NOTICE OF ENTRY OF JUDGMENT

Judgment was entered as checked below on (date): 05-16-07

1. ☒ Defendant (name, if more than one):
   shall pay plaintiff (name, if more than one):
   $ 750.00    principal and: $ 100.00    costs on plaintiffs claim.
2. ☐ Defendant does not owe plaintiff any money on plaintiff's claim.
3. ☐ Plaintiff (name, if more than one):
   shall pay defendant (name, if more than one):
   $    principal and $    costs on defendant's claim.
4. ☐ Plaintiff does not owe defendant any money on defendants claim.
5. ☐ Possession of the following property is awarded to plaintiff (describe property):

6. ☐ Payments are to be made at the rate of: $    per (specify period):    , beginning on (date):
   and on the (specify day):    day of each month thereafter until paid in full. If any payment is missed, the entire balance may become due immediately.
7. ☐ Dismissed in court ☐ with Prejudice ☐ without prejudice.
8. ☐ Attorney-Client Fee Dispute (Attachment to Notice of Entry of Judgment) (form SC-132) is attached.
9. ☐ Other (specify):

10. ☐ This judgment results from a motor vehicle accident on a California highway and was caused by the judgment debtor's operation of a motor vehicle. If the judgment is not paid, the judgment creditor may apply to have the judgment debtor's drivers license suspended.
11. Enforcement of the judgment is automatically postponed for 30 days or, if an appeal is filed, until the appeal is decided.
12. ☐ This notice was personally delivered to (insert name and date):
13. CLERK'S CERTIFICATE OF MAILING— I certify that I am not a party to this action. This Notice of Entry of Judgment was mailed first class, postage prepaid, in a sealed envelope to the parties at the addresses shown above. The mailing and this certification occurred at the place and on the date shown below.

Place of mailing: San Mateo, California

Date of mailing: 05-16-07    JOHN C. FITTON, Court Executive Officer/Clerk by    R. YENKANNA    , Deputy

— The county provides small claims advisor services free of charge. Read the information sheet on the reverse. —

Form Adopted for Mandatory Use
Judicial Council of California
SC-130 [Rev. January 1, 2007]

## NOTICE OF ENTRY OF JUDGMENT
(Small Claims)

Page 1 of 2

Code of Civil Procedure, § 116.610
www.courtinfo.ca.gov

PLAINTIFFS COPY

SC-130

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO, SMALL CLAIMS DIVISION

☐ SOUTHERN BRANCH
500 County Center
Redwood City, CA 94063
(650) 363-4303

☒ CENTRAL BRANCH
800 N. Humboldt St.
San Mateo, CA 94401
(650) 573-2605

☐ NORTHERN BRANCH
1050 Mission Road
So. San Francisco, CA 94080
(650) 877-5775

Court Website: www.sanmateocourt.org

SMALL CLAIMS CASE NO.: SCC-104944

| NOTICE TO ALL PLAINTIFFS AND DEFENDANTS: Your small claims case has been decided. If you lost the case, and the court ordered you to pay money, your wages, money, and property may be taken without further warning from the court. Read the back of this sheet for important information about your rights. | AVISO A TODOS LOS DEMANDANTES Y DEMANDADOS: Su caso ha sido resuelto por la corte para reclamos judiciales menores. Si la corte ha decidido en su contra y ha ordenado quo usted pague dinero, le pueden quitar su salario, su dinero, y otras cosas de su propiedad, sin aviso adicional por parte de esta corte. Lea el reverso de este formulario para obtener informacion de importancia acerca de sus derechos. |
|---|---|

PLAINTIFF/DEMANDANTE *(Name, street address, and telephone number of each):*

LARRY STORIE
818 VIRGINIA WOODS LANE.
ORLANDO, FL 32824

Telephone No.:

DEFENDANT/DEMANDADO *(Name, street address, and telephone number of each):*

MEMBER SOURCE MEDIA, LLC
1322 MAPLE STREET.
SAN MATEO, CA 94402

Telephone No.:

Telephone No.:

Telephone No.:

☐ See attached sheet for additional plaintiffs and defendants.

### NOTICE OF ENTRY OF JUDGMENT

Judgment was entered as checked below on (date): 05-16-07

1. ☒ Defendant (name, if more than one):
   shall pay plaintiff (name, if more than one):
   $ 750.00    principal and: $ 100.00    costs on plaintiffs claim.
2. ☐ Defendant does not owe plaintiff any money on plaintiff's claim.
3. ☐ Plaintiff (name, if more than one):
   shall pay defendant (name, if more than one):
   $    principal and $    costs on defendant's claim.
4. ☐ Plaintiff does not owe defendant any money on defendants claim.
5. ☐ Possession of the following property is awarded to plaintiff (describe property):

6. ☐ Payments are to be made at the rate of: $    per (specify period):    , beginning on (date):
   and on the (specify day):    day of each month thereafter until paid in full. If any payment is missed, the entire balance may become due immediately.
7. ☐ Dismissed in court ☐ with Prejudice. ☐ without prejudice.
8. ☐ Attorney-Client Fee Dispute (Attachment to Notice of Entry of Judgment) (form SC-132) is attached.
9. ☐ Other (specify):

10. ☐ This judgment results from a motor vehicle accident on a California highway and was caused by the judgment debtor's operation of a motor vehicle. If the judgment is not paid, the judgment creditor may apply to have the judgment debtor's drivers license suspended.
11. Enforcement of the judgment is automatically postponed for 30 days or, if an appeal is filed, until the appeal is decided.
12. ☐ This notice was personally delivered to (insert name and date):
13. CLERK'S CERTIFICATE OF MAILING— I certify that I am not a party to this action. This Notice of Entry of Judgment was mailed first class, postage prepaid, in a sealed envelope to the parties at the addresses shown above. The mailing and this certification occurred at the place and on the date shown below.

Place of mailing: San Mateo, California

Date of mailing: 05-16-07    JOHN C. FITTON, Court Executive Officer/Clerk by    R. YENKANNA    , Deputy

— The county provides small claims advisor services free of charge. Read the information sheet on the reverse. —

Form Adopted for Mandatory Use
Judicial Council of California
SC-130 [Rev. January 1, 2007]

### NOTICE OF ENTRY OF JUDGMENT
(Small Claims)

Page 1 of 2

Code of Civil Procedure, § 116.610
www.courtinfo.ca.gov

PLAINTIFFS COPY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO, SMALL CLAIMS DIVISION

SC-130

☐ SOUTHERN BRANCH
500 County Center
Redwood City, CA 94063
(650) 363-4303

☒ CENTRAL BRANCH
800 N. Humboldt St.
San Mateo, CA 94401
(650) 573-2605

☐ NORTHERN BRANCH
1050 Mission Road
So. San Francisco, CA 94080
(650) 877-5775

Court Website: www.sanmateocourt.org

SMALL CLAIMS CASE NO.: SCC-104945

| NOTICE TO ALL PLAINTIFFS AND DEFENDANTS: Your small claims case has been decided. If you lost the case, and the court ordered you to pay money, your wages, money, and property may be taken without further warning from the court. Read the back of this sheet for important information about your rights. | AVISO A TODOS LOS DEMANDANTES Y DEMANDADOS: Su caso ha sido resuelto por la corte para reclamos judiciales menores. Si la corte ha decidido en su contra  y ha ordenado quo usted pague dinero, le pueden quitar su salario, su dinero, y otras cosas de su propiedad, sin aviso adicional por parte de esta corte. Lea el reverso de este formulario para obtener informacion de importancia acerca de sus derechos. |
|---|---|

PLAINTIFF/DEMANDANTE (Name, street address, and telephone number of each):

LARRY STORIE
818 VIRGINIA WOODS LANE.
ORLANDO, FL  32824

DEFENDANT/DEMANDADO *-(Name, street address, and telephone number of each):

MEMBER SOURCE MEDIA, LLC
1322 MAPLE STREET.
SAN MATEO, CA  94402

Telephone No.:

Telephone No.:

Telephone No.:

Telephone No.:

☐ See attached sheet for additional plaintiffs and defendants.

## NOTICE OF ENTRY OF JUDGMENT

Judgment was entered as checked below on (date): 05-16-07

1. ☒ Defendant (name, if more than one):
   shall pay plaintiff (name, if more than one):
   $ 750.00     principal and: $ 75.00     costs on plaintiffs claim.
2. ☐ Defendant does not owe plaintiff any money on plaintiff's claim.
3. ☐ Plaintiff (name, if more than one):
   shall pay defendant (name, if more than one):
   $     principal and $     costs on defendant's claim.
4. ☐ Plaintiff does not owe defendant any money on defendants claim.
5. ☐ Possession of the following property is awarded to plaintiff (describe property):

6. ☐ Payments are to be made at the rate of: $     per (specify period):     , beginning on (date):
   and on the (specify day):     day of each month thereafter until paid in full. If any payment is missed, the entire balance may become due immediately.
7. ☐ Dismissed in court ☐ with Prejudice. ☐ without prejudice.
8. ☐ Attorney-Client Fee Dispute (Attachment to Notice of Entry of Judgment) (form SC-132) is attached.
9. ☐ Other (specify):

10. ☐ This judgment results from a motor vehicle accident on a California highway and was caused by the judgment debtor's operation of a motor vehicle. If the judgment is not paid, the judgment creditor may apply to have the judgment debtor's drivers license suspended.
11. Enforcement of the judgment is automatically postponed for 30 days or, if an appeal is filed, until the appeal is decided.
12. ☐ This notice was personally delivered to (insert name and date):
13. CLERK'S CERTIFICATE OF MAILING— I certify that I am not a party to this action. This Notice of Entry of Judgment was mailed first class, postage prepaid, in a sealed envelope to the parties at the addresses shown above. The mailing and this certification occurred at the place and on the date shown below.

Place of mailing: San Mateo, California

Date of mailing: 05-16-07     JOHN C. FITTON, Court Executive Officer/Clerk by     **R. YENKANNA**     , Deputy

— The county provides small claims advisor services free of charge. Read the information sheet on the reverse. —

**NOTICE OF ENTRY OF JUDGMENT**
(Small Claims)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SC-130 [Rev. January 1, 2007]

Code of Civil Procedure, § 116.610
www.courtinfo.ca.gov

PLAINTIFFS COPY

SC-130

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO, SMALL CLAIMS DIVISION

| ☐ SOUTHERN BRANCH | ☒ CENTRAL BRANCH | ☐ NORTHERN BRANCH |
|---|---|---|
| 500 County Center | 800 N. Humboldt St. | 1050 Mission Road |
| Redwood City, CA 94063 | San Mateo, CA 94401 | So. San Francisco, CA 94080 |
| (650) 363-4303 | (650) 573-2605 | (650) 877-5775 |

Court Website: www.sanmateocourt.org

SMALL CLAIMS CASE NO.: SCC-104946

| NOTICE TO ALL PLAINTIFFS AND DEFENDANTS: Your small claims case has been decided. If you lost the case, and the court ordered you to pay money, your wages, money, and property may be taken without further warning from the court. Read the back of this sheet for important information about your rights. | AVISO A TODOS LOS DEMANDANTES Y DEMANDADOS: Su caso ha sido resuelto por la corte para reclamos judiciales menores. Si la corte ha decidido en su contra y ha ordenado quo usted pague dinero, le pueden quitar su salario, su dinero, y otras cosas de su propiedad, sin aviso adicional por parte de esta corte. Lea el reverso de este formulario para obtener informacion de importancia acerca de sus derechos. |
|---|---|

| PLAINTIFF/DEMANDANTE (Name, street address, and telephone number of each): LARRY STORIE 818 VIRGINIA WOODS LANE. ORLANDO, FL 32824 | DEFENDANT/DEMANDADO *-(Name, street address, and telephone number of each): MEMBER SOURCE MEDIA, LLC 1322 MAPLE STREET. SAN MATEO, CA 94402 |
|---|---|
| Telephone No.: | Telephone No.: |
| Telephone No.: | Telephone No.: |

☐ See attached sheet for additional plaintiffs and defendants.

## NOTICE OF ENTRY OF JUDGMENT

Judgment was entered as checked below on (date): 05-16-07

1. ☒ Defendant (name, if more than one):
   shall pay plaintiff (name, if more than one):
   $ 750.00    principal and: $ 75.00    costs on plaintiffs claim.
2. ☐ Defendant does not owe plaintiff any money on plaintiff's claim.
3. ☐ Plaintiff (name, if more than one):
   shall pay defendant (name, if more than one):
   $    principal and $    costs on defendant's claim.
4. ☐ Plaintiff does not owe defendant any money on defendants claim.
5. ☐ Possession of the following property is awarded to plaintiff (describe property):

6. ☐ Payments are to be made at the rate of: $    per (specify period):    , beginning on (date):
   and on the (specify day):    day of each month thereafter until paid in full. If any payment is missed, the entire balance may become due immediately.
7. ☐ Dismissed in court ☐ with Prejudice. ☐ without prejudice.
8. ☐ Attorney-Client Fee Dispute (Attachment to Notice of Entry of Judgment) (form SC-132) is attached.
9. ☐ Other (specify):

10. ☐ This judgment results from a motor vehicle accident on a California highway and was caused by the judgment debtor's operation of a motor vehicle. If the judgment is not paid, the judgment creditor may apply to have the judgment debtor's drivers license suspended.
11. Enforcement of the judgment is automatically postponed for 30 days or, if an appeal is filed, until the appeal is decided.
12. ☐ This notice was personally delivered to (insert name and date):
13. CLERK'S CERTIFICATE OF MAILING— I certify that I am not a party to this action. This Notice of Entry of Judgment was mailed first class, postage prepaid, in a sealed envelope to the parties at the addresses shown above. The mailing and this certification occurred at the place and on the date shown below.

Place of mailing: San Mateo, California

Date of mailing: 05-16-07    JOHN C. FITTON, Court Executive Officer/Clerk by    **R. YENKANNA**    , Deputy

— The county provides small claims advisor services free of charge. Read the information sheet on the reverse. —

Form Adopted for Mandatory Use
Judicial Council of California
SC-130 [Rev. January 1, 2007]

## NOTICE OF ENTRY OF JUDGMENT
### (Small Claims)

Page 1 of 2

Code of Civil Procedure, § 116.610
www.courtinfo.ca.gov

PLAINTIFFS COPY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO, SMALL CLAIMS DIVISION

SC-130

☐ SOUTHERN BRANCH
500 County Center
Redwood City, CA 94063
(650) 363-4303

☒ CENTRAL BRANCH
800 N. Humboldt St.
San Mateo, CA 94401
(650) 573-2605

☐ NORTHERN BRANCH
1050 Mission Road
So. San Francisco, CA 94080
(650) 877-5775

Court Website: www.sanmateocourt.org

SMALL CLAIMS CASE NO.: SCC-104947

**NOTICE TO ALL PLAINTIFFS AND DEFENDANTS:**
Your small claims case has been decided. If you lost the case, and the court ordered you to pay money, your wages, money, and property may be taken without further warning from the court. Read the back of this sheet for important information about your rights.

**AVISO A TODOS LOS DEMANDANTES Y DEMANDADOS:**
Su caso ha sido resuelto por la corte para reclamos judiciales menores. Si la corte ha decidido en su contra y ha ordenado quo usted pague dinero, le pueden quitar su salario, su dinero, y otras cosas de su propiedad, sin aviso adicional por parte de esta corte. Lea el reverso de este formulario para obtener informacion de importancia acerca de sus derechos.

PLAINTIFF/DEMANDANTE (Name, street address, and telephone number of each):
LARRY STORIE
818 VIRGINIA WOODS LANE.
ORLANDO, FL 32824

Telephone No.:

DEFENDANT/DEMANDADO *·(Name, street address, and telephone number of each):
MEMBER SOURCE MEDIA, LLC
1322 MAPLE STREET.
SAN MATEO, CA 94402

Telephone No.:

Telephone No.:

Telephone No.:

☐ See attached sheet for additional plaintiffs and defendants.

PLAINTIFFS COPY

NOTICE OF ENTRY OF JUDGMENT

Judgment was entered as checked below on (date): 05-16-07

1. ☒ Defendant (name, if more than one):
   shall pay plaintiff (name, if more than one):
   $ 750.00    principal and: $ 75.00    costs on plaintiffs claim.
2. ☐ Defendant does not owe plaintiff any money on plaintiff's claim.
3. ☐ Plaintiff (name, if more than one):
   shall pay defendant (name, if more than one):
   $    principal and $    costs on defendant's claim.
4. ☐ Plaintiff does not owe defendant any money on defendants claim.
5. ☐ Possession of the following property is awarded to plaintiff (describe property):

6. ☐ Payments are to be made at the rate of: $    per (specify period):    , beginning on (date):
   and on the (specify day):    day of each month thereafter until paid in full. If any payment is missed, the entire balance may become due immediately.
7. ☐ Dismissed in court ☐ with Prejudice. ☐ without prejudice.
8. ☐ Attorney-Client Fee Dispute (Attachment to Notice of Entry of Judgment) (form SC-132) is attached.
9. ☐ Other (specify):

10. ☐ This judgment results from a motor vehicle accident on a California highway and was caused by the judgment debtor's operation of a motor vehicle. If the judgment is not paid, the judgment creditor may apply to have the judgment debtor's drivers license suspended.
11. Enforcement of the judgment is automatically postponed for 30 days or, if an appeal is filed, until the appeal is decided.
12. ☐ This notice was personally delivered to (insert name and date):
13. CLERK'S CERTIFICATE OF MAILING— I certify that I am not a party to this action. This Notice of Entry of Judgment was mailed first class, postage prepaid, in a sealed envelope to the parties at the addresses shown above. The mailing and this certification occurred at the place and on the date shown below.

Place of mailing: San Mateo, California

Date of mailing: 05-16-07    JOHN C. FITTON, Court Executive Officer/Clerk by    **R. YENKANNA**    , Deputy

— The county provides small claims advisor services free of charge. Read the information sheet on the reverse. —

Form Adopted for Mandatory Use
Judicial Council of California
SC-130 [Rev. January 1, 2007]

NOTICE OF ENTRY OF JUDGMENT
(Small Claims)

Page 1 of 2

Code of Civil Procedure, § 116.610
www.courtinfo.ca.gov

SC-130

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO, SMALL CLAIMS DIVISION**

☐ SOUTHERN BRANCH
500 County Center
Redwood City, CA 94063
(650) 363-4303

☒ CENTRAL BRANCH
800 N. Humboldt St.
San Mateo, CA 94401
(650) 573-2605

☐ NORTHERN BRANCH
1050 Mission Road
So. San Francisco, CA 94080
(650) 877-5775

Court Website: www.sanmateocourt.org

SMALL CLAIMS CASE NO.: SCC-104948

| NOTICE TO ALL PLAINTIFFS AND DEFENDANTS: Your small claims case has been decided. If you lost the case, and the court ordered you to pay money, your wages, money, and property may be taken without further warning from the court. Read the back of this sheet for important information about your rights. | AVISO A TODOS LOS DEMANDANTES Y DEMANDADOS: Su caso ha sido resuelto por la corte para reclamos judiciales menores. Si la corte ha decidido en su contra y ha ordenado quo usted pague dinero, le pueden quitar su salario, su dinero, y otras cosas de su propiedad, sin aviso adicional por parte de esta corte. Lea el reverso de este formulario para obtener informacion de importancia acerca de sus derechos. |
|---|---|

PLAINTIFF/DEMANDANTE (Name, street address, and telephone number of each):

LARRY STORIE
818 VIRGINIA WOODS LANE.
ORLANDO, FL 32824

Telephone No:

Telephone No:

DEFENDANT/DEMANDADO * (Name, street address, and telephone number of each):

MEMBER SOURCE MEDIA, LLC
1322 MAPLE STREET.
SAN MATEO, CA 94402

Telephone No:

Telephone No:

☐ See attached sheet for additional plaintiffs and defendants.

**NOTICE OF ENTRY OF JUDGMENT**

Judgment was entered as checked below on (date): 05-16-07

1. ☒ Defendant (name, if more than one):
   shall pay plaintiff (name, if more than one):
   $ 750.00    principal and: $ 75.00    costs on plaintiffs claim.
2. ☐ Defendant does not owe plaintiff any money on plaintiff's claim.
3. ☐ Plaintiff (name, if more than one):
   shall pay defendant (name, if more than one):
   $    principal and $    costs on defendant's claim.
4. ☐ Plaintiff does not owe defendant any money on defendants claim.
5. ☐ Possession of the following property is awarded to plaintiff (describe property):

6. ☐ Payments are to be made at the rate of: $    per (specify period):    , beginning on (date):
   and on the (specify day):    day of each month thereafter until paid in full. If any payment is missed, the entire balance may become due immediately.
7. ☐ Dismissed in court ☐ with Prejudice. ☐ without prejudice.
8. ☐ Attorney-Client Fee Dispute (Attachment to Notice of Entry of Judgment) (form SC-132) is attached.
9. ☐ Other (specify):

10. ☐ This judgment results from a motor vehicle accident on a California highway and was caused by the judgment debtor's operation of a motor vehicle. If the judgment is not paid, the judgment creditor may apply to have the judgment debtor's drivers license suspended.
11. Enforcement of the judgment is automatically postponed for 30 days or, if an appeal is filed, until the appeal is decided.
12. ☐ This notice was personally delivered to (insert name and date):
13. CLERK'S CERTIFICATE OF MAILING— I certify that I am not a party to this action. This Notice of Entry of Judgment was mailed first class, postage prepaid, in a sealed envelope to the parties at the addresses shown above. The mailing and this certification occurred at the place and on the date shown below.

Place of mailing: San Mateo, California

Date of mailing: 05-16-07    JOHN C. FITTON, Court Executive Officer/Clerk by    **R. YENKANNA**    , Deputy

— The county provides small claims advisor services free of charge. Read the information sheet on the reverse. —

Form Adopted for Mandatory Use
Judicial Council of California
SC-130 [Rev. January 1, 2007]

**NOTICE OF ENTRY OF JUDGMENT**
**(Small Claims)**

Page 1 of 2

Code of Civil Procedure, § 116.610
www.courtinfo.ca.gov

PLAINTIFFS COPY

SC-130

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO, SMALL CLAIMS DIVISION

☐ SOUTHERN BRANCH
500 County Center
Redwood City, CA 94063
(650) 363-4303

☒ CENTRAL BRANCH
800 N. Humboldt St.
San Mateo, CA 94401
(650) 573-2605

☐ NORTHERN BRANCH
1050 Mission Road
So. San Francisco, CA 94080
(650) 877-5775

Court Website: www.sanmateocourt.org

SMALL CLAIMS CASE NO.: SCC-104949

| NOTICE TO ALL PLAINTIFFS AND DEFENDANTS: Your small claims case has been decided. If you lost the case, and the court ordered you to pay money, your wages, money, and property may be taken without further warning from the court. Read the back of this sheet for important information about your rights. | AVISO A TODOS LOS DEMANDANTES Y DEMANDADOS: Su caso ha sido resuelto por la corte para reclamos judiciales menores. Si la corte ha decidido en su contra y ha ordenado quo usted pague dinero, le pueden quitar su salario, su dinero, y otras cosas de su propiedad, sin aviso adicional por parte de esta corte. Lea el reverso de este formulario para obtener informacion de importancia acerca de sus derechos. |
|---|---|

PLAINTIFF/DEMANDANTE (Name, street address, and telephone number of each):
LARRY STORIE
818 VIRGINIA WOODS LANE.
ORLANDO, FL 32824

DEFENDANT/DEMANDADO *:(Name, street address, and telephone number of each):
MEMBER SOURCE MEDIA, LLC
1322 MAPLE STREET.
SAN MATEO, CA 94402

Telephone No.:

Telephone No.:

Telephone No.:

Telephone No.:

☐ See attached sheet for additional plaintiffs and defendants.

PLAINTIFFS COPY

## NOTICE OF ENTRY OF JUDGMENT

Judgment was entered as checked below on (date): 05-16-07

1. ☒ Defendant (name, if more than one):
shall pay plaintiff (name, if more than one):
$ 750.00   principal and: $ 75.00   costs on plaintiffs claim.

2. ☐ Defendant does not owe plaintiff any money on plaintiff's claim.

3. ☐ Plaintiff (name, if more than one):
shall pay defendant (name, if more than one):
$   principal and $   costs on defendant's claim.

4. ☐ Plaintiff does not owe defendant any money on defendants claim.

5. ☐ Possession of the following property is awarded to plaintiff (describe property):

6. ☐ Payments are to be made at the rate of: $   per (specify period):   , beginning on (date):
and on the (specify day):   day of each month thereafter until paid in full. If any payment is missed, the entire balance may become due immediately.

7. ☐ Dismissed in court ☐ with Prejudice. ☐ without prejudice.

8. ☐ Attorney-Client Fee Dispute (Attachment to Notice of Entry of Judgment) (form SC-132) is attached.

9. ☐ Other (specify):

10. ☐ This judgment results from a motor vehicle accident on a California highway and was caused by the judgment debtor's operation of a motor vehicle. If the judgment is not paid, the judgment creditor may apply to have the judgment debtor's drivers license suspended.

11. Enforcement of the judgment is automatically postponed for 30 days or, if an appeal is filed, until the appeal is decided.

12. ☐ This notice was personally delivered to (insert name and date):

13. CLERK'S CERTIFICATE OF MAILING— I certify that I am not a party to this action. This Notice of Entry of Judgment was mailed first class, postage prepaid, in a sealed envelope to the parties at the addresses shown above. The mailing and this certification occurred at the place and on the date shown below.

Place of mailing: San Mateo, California

Date of mailing: 05-16-07   JOHN C. FITTON, Court Executive Officer/Clerk by   R. YENKANNA   , Deputy

— The county provides small claims advisor services free of charge. Read the information sheet on the reverse. —

Form Adopted for Mandatory Use
Judicial Council of California
SC-130 [Rev. January 1, 2007]

**NOTICE OF ENTRY OF JUDGMENT**
**(Small Claims)**

Page 1 of 2

Code of Civil Procedure, § 116.610
www.courtinfo.ca.gov

SC-130

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO, SMALL CLAIMS DIVISION**

☐ SOUTHERN BRANCH
500 County Center
Redwood City, CA 94063
(650) 363-4303

☒ CENTRAL BRANCH
800 N. Humboldt St.
San Mateo, CA 94401
(650) 573-2605

☐ NORTHERN BRANCH
1050 Mission Road
So. San Francisco, CA 94080
(650) 877-5775

Court Website: www.sanmateocourt.org

SMALL CLAIMS CASE NO.: SCC-104950

| NOTICE TO ALL PLAINTIFFS AND DEFENDANTS: Your small claims case has been decided. If you lost the case, and the court ordered you to pay money, your wages, money, and property may be taken without further warning from the court. Read the back of this sheet for important information about your rights. | AVISO A TODOS LOS DEMANDANTES Y DEMANDADOS: Su caso ha sido resuelto por la corte para reclamos judiciales menores. Si la corte ha decidido en su contra y ha ordenado quo que usted pague dinero, le pueden quitar su salario, su dinero, y otras cosas de su propiedad, sin aviso adicional por parte de esta corte. Lea el reverso de este formulario para obtener informacion de importancia acerca de sus derechos. |
| --- | --- |

PLAINTIFF/DEMANDANTE (Name, street address, and telephone number of each):

LARRY STORIE
818 VIRGINIA WOODS LANE.
ORLANDO, FL 32824

Telephone No.:

DEFENDANT/DEMANDADO *-(Name, street address, and telephone number of each):

MEMBER SOURCE MEDIA, LLC
1322 MAPLE STREET.
SAN MATEO, CA 94402

Telephone No.:

Telephone No.:

Telephone No.:

☐ See attached sheet for additional plaintiffs and defendants.

**NOTICE OF ENTRY OF JUDGMENT**

PLAINTIFFS COPY

Judgment was entered as checked below on (date): 05-16-07

1. ☒ Defendant (name, if more than one):
   shall pay plaintiff (name, if more than one):
   $ 750.00    principal and: $ 75.00    costs on plaintiffs claim.
2. ☐ Defendant does not owe plaintiff any money on plaintiff's claim.
3. ☐ Plaintiff (name, if more than one):
   shall pay defendant (name, if more than one):
   $    principal and $    costs on defendant's claim.
4. ☐ Plaintiff does not owe defendant any money on defendants claim.
5. ☐ Possession of the following property is awarded to plaintiff (describe property):

6. ☐ Payments are to be made at the rate of: $    per (specify period):    , beginning on (date):
   and on the (specify day):    day of each month thereafter until paid in full. If any payment is missed, the entire balance may become due immediately.
7. ☐ Dismissed in court ☐ with Prejudice. ☐ without prejudice.
8. ☐ Attorney-Client Fee Dispute (Attachment to Notice of Entry of Judgment) (form SC-132) is attached.
9. ☐ Other (specify):

10. ☐ This judgment results from a motor vehicle accident on a California highway and was caused by the judgment debtor's operation of a motor vehicle. If the judgment is not paid, the judgment creditor may apply to have the judgment debtor's drivers license suspended.
11. Enforcement of the judgment is automatically postponed for 30 days or, if an appeal is filed, until the appeal is decided.
12. ☐ This notice was personally delivered to (insert name and date):
13. CLERK'S CERTIFICATE OF MAILING— I certify that I am not a party to this action. This Notice of Entry of Judgment was mailed first class, postage prepaid, in a sealed envelope to the parties at the addresses shown above. The mailing and this certification occurred at the place and on the date shown below.

Place of mailing: San Mateo, California

Date of mailing: 05-16-07    JOHN C. FITTON, Court Executive Officer/Clerk by    **R. YENKANNA**    , Deputy

— The county provides small claims advisor services free of charge. Read the information sheet on the reverse. —

Form Adopted for Mandatory Use
Judicial Council of California
SC-130 [Rev. January 1, 2007]

**NOTICE OF ENTRY OF JUDGMENT**
(Small Claims)

Page 1 of 2

Code of Civil Procedure, § 116.610
www.courtinfo.ca.gov

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO, SMALL CLAIMS DIVISION                           SC-130

☐ SOUTHERN BRANCH
500 County Center
Redwood City, CA 94063
(650) 363-4303

☒ CENTRAL BRANCH
800 N. Humboldt St.
San Mateo, CA 94401
(650) 573-2605

☐ NORTHERN BRANCH
1050 Mission Road
So. San Francisco, CA 94080
(650) 877-5775

Court Website: www.sanmateocourt.org

SMALL CLAIMS CASE NO.: SCC-104951

**NOTICE TO ALL PLAINTIFFS AND DEFENDANTS:**
Your small claims case has been decided. If you lost the case, and the court ordered you to pay money, your wages, money, and property may be taken without further warning from the court. Read the back of this sheet for important information about your rights.

*AVISO A TODOS LOS DEMANDANTES Y DEMANDADOS:*
Su caso ha sido resuelto por la corte para reclamos judiciales menores. Si la corte ha decidido en su contra y ha ordenado quo usted pague dinero, le pueden quitar su salario, su dinero, y otras cosas de su propiedad, sin aviso adicional por parte de esta corte. Lea el reverso de este formulario para obtener informacion de importancia acerca de sus derechos.

PLAINTIFF/DEMANDANTE (Name, street address, and telephone number of each):
LARRY STORIE
818 VIRGINIA WOODS LANE.
ORLANDO, FL 32824

DEFENDANT/DEMANDADO *-(Name, street address, and telephone number of each):
MEMBER SOURCE MEDIA, LLC
1322 MAPLE STREET.
SAN MATEO, CA 94402

Telephone No.:                Telephone No.:

Telephone No.:                Telephone No.:

☐ See attached sheet for additional plaintiffs and defendants.

**PLAINTIFFS COPY**

### NOTICE OF ENTRY OF JUDGMENT

Judgment was entered as checked below on (date): 05-16-07
1. ☒ Defendant (name, if more than one):
   shall pay plaintiff (name, if more than one):
   $ 750.00   principal and: $ 75.00   costs on plaintiffs claim.
2. ☐ Defendant does not owe plaintiff any money on plaintiff's claim.
3. ☐ Plaintiff (name, if more than one):
   shall pay defendant (name, if more than one):
   $   principal and $   costs on defendant's claim.
4. ☐ Plaintiff does not owe defendant any money on defendants claim.
5. ☐ Possession of the following property is awarded to plaintiff (describe property):

6. ☐ Payments are to be made at the rate of: $   per (specify period):   , beginning on (date):
   and on the (specify day):   day of each month thereafter until paid in full. If any payment is missed, the entire balance may become due immediately.
7. ☐ Dismissed in court ☐ with Prejudice. ☐ without prejudice.
8. ☐ Attorney-Client Fee Dispute (Attachment to Notice of Entry of Judgment) (form SC-132) is attached.
9. ☐ Other (specify):

10. ☐ This judgment results from a motor vehicle accident on a California highway and was caused by the judgment debtor's operation of a motor vehicle. If the judgment is not paid, the judgment creditor may apply to have the judgment debtor's drivers license suspended.
11. Enforcement of the judgment is automatically postponed for 30 days or, if an appeal is filed, until the appeal is decided.
12. ☐ This notice was personally delivered to (insert name and date):
13. CLERK'S CERTIFICATE OF MAILING— I certify that I am not a party to this action. This Notice of Entry of Judgment was mailed first class, postage prepaid, in a sealed envelope to the parties at the addresses shown above. The mailing and this certification occurred at the place and on the date shown below.

Place of mailing: San Mateo, California

Date of mailing: 05-16-07   JOHN C. FITTON, Court Executive Officer/Clerk by   **R. YENKANNA**   , Deputy

— The county provides small claims advisor services free of charge. Read the information sheet on the reverse. —

Form Adopted for Mandatory Use
Judicial Council of California
SC-130 [Rev. January 1, 2007]

### NOTICE OF ENTRY OF JUDGMENT
(Small Claims)

Page 1 of 2

Code of Civil Procedure, § 116.610
www.courtinfo.ca.gov

SC-130

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO, SMALL CLAIMS DIVISION**

| ☐ SOUTHERN BRANCH | ☒ CENTRAL BRANCH | ☐ NORTHERN BRANCH |
|---|---|---|
| 500 County Center | 800 N. Humboldt St. | 1050 Mission Road |
| Redwood City, CA 94063 | San Mateo, CA 94401 | So. San Francisco, CA 94080 |
| (650) 363-4303 | (650) 573-2605 | (650) 877-5775 |

Court Website: www.sanmateocourt.org

SMALL CLAIMS CASE NO.: **SCC-104952**

| **NOTICE TO ALL PLAINTIFFS AND DEFENDANTS:** Your small claims case has been decided. If you lost the case, and the court ordered you to pay money, your wages, money, and property may be taken without further warning from the court. Read the back of this sheet for important information about your rights. | *AVISO A TODOS LOS DEMANDANTES Y DEMANDADOS:* Su caso ha sido resuelto por la corte para reclamos judiciales menores. Si la corte ha decidido en su contra y ha ordenado quo usted pague dinero, le pueden quitar su salario, su dinero, y otras cosas de su propiedad, sin aviso adicional por parte de esta corte. Lea el reverso de este formulario para obtener informacion de importancia acerca de sus derechos. |
|---|---|

| PLAINTIFF/DEMANDANTE (Name, street address, and telephone number of each): LARRY STORIE 818 VIRGINIA WOODS LANE. ORLANDO, FL 32824 | DEFENDANT/DEMANDADO *(Name, street address, and telephone number of each): MEMBER SOURCE MEDIA, LLC 1322 MAPLE STREET. SAN MATEO, CA 94402 |
|---|---|
| Telephone No.: | Telephone No.: |
| Telephone No.: | Telephone No.: |

☐ See attached sheet for additional plaintiffs and defendants.

**PLAINTIFFS COPY**

### NOTICE OF ENTRY OF JUDGMENT

Judgment was entered as checked below on (date): 05-16-07

1. ☒ Defendant (name, if more than one):
   shall pay plaintiff (name, if more than one):
   $ 750.00      principal and: $ 75.00      costs on plaintiffs claim.
2. ☐ Defendant does not owe plaintiff any money on plaintiff's claim.
3. ☐ Plaintiff (name, if more than one):
   shall pay defendant (name, if more than one):
   $      principal and $      costs on defendant's claim.
4. ☐ Plaintiff does not owe defendant any money on defendants claim.
5. ☐ Possession of the following property is awarded to plaintiff (describe property):

6. ☐ Payments are to be made at the rate of: $      per (specify period):      , beginning on (date):
   and on the (specify day):      day of each month thereafter until paid in full. If any payment is missed, the entire balance may become due immediately.
7. ☐ Dismissed in court ☐ with Prejudice. ☐ without prejudice.
8. ☐ Attorney-Client Fee Dispute (Attachment to Notice of Entry of Judgment) (form SC-132) is attached.
9. ☐ Other (specify):

10. ☐ This judgment results from a motor vehicle accident on a California highway and was caused by the judgment debtor's operation of a motor vehicle. If the judgment is not paid, the judgment creditor may apply to have the judgment debtor's drivers license suspended.
11. Enforcement of the judgment is automatically postponed for 30 days or, if an appeal is filed, until the appeal is decided.
12. ☐ This notice was personally delivered to (insert name and date):
13. CLERK'S CERTIFICATE OF MAILING— I certify that I am not a party to this action. This Notice of Entry of Judgment was mailed first class, postage prepaid, in a sealed envelope to the parties at the addresses shown above. The mailing and this certification occurred at the place and on the date shown below.

Place of mailing: San Mateo, California

Date of mailing: 05-16-07      JOHN C. FITTON, Court Executive Officer/Clerk by **R. YENKANNA** , Deputy

— The county provides small claims advisor services free of charge. Read the information sheet on the reverse. —



# Case Report



**Home**                    Complaints/Parties        Actions
Pending Hearings            Images                     Case Report

## Case SCC104944 - Complaints/Parties

| | |
|---|---|
| **Complaint Number:** | 1 |
| **Complaint Type:** | PLAINTIFF'S CLAIM |
| **Filing Date:** | 03/07/2007 |
| **Complaint Status:** | Judgment 04/19/2007 |

| Party Number | Party Type | Party Name | Attorney | Party Status |
|---|---|---|---|---|
| 1 | SM CL PLAINTIFF | LARRY STORIE | Unrepresented | Judgment For 04/19/2007 |
| 2 | SM CL DEFENDANT | MEMBER SOURCE MEDIA, LLC | Unrepresented | Judgment Against 04/19/2007 |

## Case SCC104944 - Actions

| Viewed | Date | Action Text | Disposition |
|---|---|---|---|
| | 04/28/2008 | BENCH WARRANT ISSUED FOR THE ARREST OF CHRIS SOMER; BAIL SET IN THE SUM OF $5,000.00. | - |
| | 04/24/2008 1:30 PM DEPT. SCC | HEARING: APPEARANCE OF JUDGMENT DEBTOR MEMBER SOURCE MEDIA, LLC | COMPLETED |
| | 04/09/2008 | PROOF OF SERVICE OF OEX FILED. MEMBER SOURCE, LLC SERVED BY REGISTERED PROCESS SERVER ON 03/25/08. COSTS $95.00. | - |
| | 02/25/2008 | (SC) APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION OF JUDGMENT DEBTOR MEMBER SOURCE MEDIA, LLC FILED BY LARRY STORIE | - |
| | 02/11/2008 1:30 PM DEPT. SCC | HEARING: APPEARANCE OF JUDGMENT DEBTOR MEMBER SOURCE MEDIA, LLC | OFF-CALENDAR |
| | 12/24/2007 | (SC) APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION OF JUDGMENT DEBTOR MEMBER SOURCE MEDIA, LLC FILED BY LARRY STORIE | - |
| | 07/09/2007 1:30 PM DEPT. SCC | MOTION TO VACATE JUDGMENT FILED BY MEMBER SOURCE MEDIA, LLC | COMPLETED |
| | 06/13/2007 | SMALL CLAIMS MOTION TO VACATE JUDGMENT FILED ON PLAINTIFF'S CLAIM OF LARRY STORIE BY MEMBER SOURCE MEDIA, LLC. | DENIED |
| | 04/19/2007 1:30 PM DEPT. SCC | SMALL CLAIMS HEARING | COMPLETED |
| | 03/29/2007 | PLAINTIFF'S CLAIM OF LARRY STORIE SERVED AS TO MEMBER SOURCE MEDIA, LLC ON 03/25/07 BY HASSLE FREE PROCESS SERVICE. PARTY SERVED: CHRIS SUMMER-OWNER COSTS: $25.00 HEARING DATE: 04/19/07 | - |
| | 03/07/2007 | ADDITIONAL CASE INITIATION INFORMATION ENTERED. | - |

| | 03/07/2007 | AMOUNT OF CLAIM: $7,500.00. REASON FOR CLAIM: THE DEFENDANT VIOLATED CA BUS. & PROF. CODE 17529. 5 INFRA BY SENDING ILLEGIAL COMMERICAL | - |
| | 03/07/2007 | PLAINTIFF`S CLAIM FILED. | - |

## Case SCC104944 - Pending Hearings

| Date | Action Text | Disposition |
|------|-------------|-------------|
| This Case Does Not Have Any Pending Hearings |||

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS):<br>LARRY STORIE<br>818 VIRGINIA WOODS LANE<br>ORLANDO, FL 32824<br><br>ATTORNEY FOR (NAME): | TELEPHONE NUMBER<br>407-857-1156 | FOR COURT USE ONLY |
|---|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO**
**CENTRAL BRANCH (SMALL CLAIMS DIVISION)**
**800 NORTH HUMBOLDT STREET**
**SAN MATEO, CA  94401**

PLAINTIFF:
   **LARRY STORIE**

DEFENDANT:
   **MEMBER SOURCE MEDIA, LLC**

| **BENCH WARRANT (CIVIL)** | CASE NUMBER: **SCC 104944** |
|---|---|

**The People of the State of California, to any Peace Officer in This State:**

It appearing to this Court that

   ☐ a sheriff, constable, or marshal

   ☐ a person specially appointed by the Court in the Order

   ☒ a registered process server

   ☐ (Other; specify:) _____

regularly and duly served upon     **CHRIS SOMER**     an

   ☒ Order of Examination of Judgment Debtor

   ☐ Order to Show Cause in re Contempt

   ☐ (Other; specify:) _____

requiring said person to appear before this court on    **APRIL 24** , **2008** ; and said person having failed to obey the Order,

YOU ARE THEREFORE COMMANDED forthwith to arrest and to bring said person before this Court, then and there to show cause why said person should not be punished for contempt in disobeying the Order of this Court.

Bail is set in the sum of    $ **5000.00** . If said person posts bail in that sum, instruct said person to appear at this Court at 1:30 P.M. on the second Monday or Thursday following the date of arrest.

Given under my hand and the seal of this Court, this _____ **APR 2 8 2008** , _____ .

BY ORDER OF A JUDGE/COMMISSIONER OF THE ABOVE ENTITLED COURT

_____
Judge/Commissioner of the Superior Court of California
County of San Mateo

**JOHN C. FITTON, COURT EXECUTIVE OFFICER/CLERK**

By _____
   Deputy

SC32 (N)  Rev. 7/06  (SEAL)

www.sanmateocourt.org

**BENCH WARRANT**