**Jason K. Singleton**, State Bar #166170
jason@singletonlawgroup.com
**Richard E. Grabowski**, State Bar # 236207
rgrabowski@mckinleyville.net
**SINGLETON LAW GROUP**
611 "L" Street, Suite A
Eureka, CA 95501
(707) 441-1177
 Fax: 441-1533
Attorney for Plaintiff, ASIS INTERNET SERVICES

**KRONENBERGER BURGOYNE, LLP**
Henry M. Burgoyne, III (CA Bar No. 203748)
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
Margarita Calpotura (CA Bar No. 244711)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

Attorneys for Defendants MEMBER SOURCE MEDIA, LLC

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| ASIS INTERNET SERVICES, a California corporation ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MEMBER SOURCE MEDIA, LLC, a ) <br> California limited liability company, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No: CV-08-1321 EMC <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> DATE: June 11, 2008 <br> TIME:   10:30 a.m.4 <br> CTRM:   C, 15th Floor |

The parties to the above-entitled action jointly submit this Case Management Statement and request the Court to adopt it as its Case Management Order in this case.

**1.**     Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be

served, a proposed deadline for service.

**Plaintiff filed the within action in the within court based on original jurisdiction pursuant to 28 *USC* §1331 for violations of the *CAN SPAM Act of 2003* (15 *USC* §§7701 et seq.). Plaintiff also asserts this court has pendent jurisdiction over related state law claims.**

**No issues exist regarding personal jurisdiction or venue at this time.**

**All known parties have been served.**

**Member Source's Statement:**

**Defendant Member Source Media, LLC ("Member Source") does not dispute subject matter jurisdiction, personal jurisdiction, or venue, except to the extent those issues were raised or preserved in Member Source's pleadings.**

2. <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

**Plaintiff asserts it is a California corporation that provides internet services. Defendant is a California Limited Liability Company. Plaintiff brought this action against Defendant for alleged violations of the CAN-SPAM Act and related violations of California Business and Professions Code 17529.5.**

**Member Source's Statement:**

**Member Source is an Internet marketing company, which assists clients such as Blockbuster, Discover Card, and Columbia House in the online promotion of their goods and services. Member Source has pioneered online incentivized advertising, where marketers employ advertisements coupled with gifts, such as gift cards. These advertisements are delivered to consumers through the use of banner ads, pop up ads, and lawful email advertisements. Member Source has worked with the Federal Trade Commission to ensure the accuracy of its online incentivized offers.**

**Member Source does not send the vast majority of the emails promoting its clients' goods and services. Rather, Member Source enters into arms length contracts with affiliate networks to send out these emails, providing the networks with the creative material to be included in the emails. As part of these contracts, the affiliate networks warrant that they will adhere to the law, including the requirements of CAN-SPAM, in their performance under the contract. While Member Source has not seen the alleged 5006 emails at issue in this case—as they have not yet been disclosed by ASIS—in all probability, Member Source did not send any of these emails, as this would not have been Member Source's standard practice during the relevant time period.**

**ASIS is a serial CAN-SPAM plaintiff. To date, it has brought eight, nearly identical complaints alleging violations of CAN-SPAM and California Business and Professions Code Section 17529.5. In several of its cases, ASIS has pressured the named defendants to settle with ASIS. However, in the one case where a defendant litigated the merits,** *ASIS v. Optin Global, et al.***, No. 05-5124 (the "2005 Case"), the Honorable Joseph C. Spero found that not only did ASIS lack standing to bring its claims under CAN-SPAM, but that it had failed to produce evidence demonstrating that the defendant had** *procured* **the emails at issue. The Complaint at issue here is nearly identical to the one dismissed by Judge Spero.**

**3.**   Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

**Plaintiff alleges Defendant violated the CAN-SPAM Act of 2003 and its California analog.**

**Member Source Statement:**

- **Whether Judge Spero's order granting AzoogleAds.com, Inc.'s summary judgment in the 2005 Case collaterally estops ASIS from bringing this case:**

To wit, does Judge Spero's order conclusively establish that ASIS does not have standing to bring this claim?

- Whether ASIS has adequately pleaded—and can establish—that it has been adversely affected by the alleged emails, under 15 U.S.C. §7701, *et. seq.*
- Whether ASIS has adequately pleaded—and can establish—that Member Source procured the origination or transmission of each of the alleged emails in question, under 15 U.S.C. §7701, *et. seq.*
- Whether ASIS has adequately pleaded—and can establish—that Member Source intentionally paid or provided other consideration to, or induced, another person to initiate the alleged emails, under 15 U.S.C. §7701, *et. seq.*
- Whether ASIS has adequately pleaded—and can establish—that Member Source procured the alleged emails with knowledge or consciously avoiding knowing whether such person is engaging or will engage in a pattern or practice that violates the CAN-SPAM Act, under 15 U.S.C. §7701, *et. seq.*
- Whether ASIS can establish that each of the alleged emails was unsolicited by the intended email recipient.
- Whether an email sent from a domain name registered using a privacy service contains false or materially misleading information by virtue of that fact alone, under 15 U.S.C. §7701, *et. seq.*, and if so, whether such a determination violates the First Amendment of the United States Constitution.
- Whether CAN-SPAM preempts California Business and Professions Code §17529.5.
- Whether the alleged emails constitute commercial email advertisements under California Business and Professions Code §17529.5.
- Whether Member Source advertised in the alleged emails under California Business and Professions Code §17529.5.
- Whether the alleged emails contained falsified, misrepresented, or forged header information California Business and Professions Code §17529.5.

- **Whether ASIS's causes of action are barred by the doctrines of unclean hands and/or consent when ASIS gained unlawful access to its former customers' email for the purpose of bringing this lawsuit.**
- **Whether ASIS and ASIS's counsel have violated Rule 11 of the Federal Rules of Civil Procedure by signing and filing the complaint, with the allegations contained therein.**

**4.**     <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

Defendant has filed a Motion for Security Bond and Plaintiff has filed its opposition thereto with the matter to be heard on the same day as the Case Management Conference.

<u>Member Source's Statement</u>:

1. Currently Pending: Motion for security in the form of requiring ASIS to post a bond to cover all or a portion of Member Source's expected costs and attorneys' fees, pursuant to 15 U.S.C. §7706(g)(4).

Member Source also anticipates bringing the following motions:

1. A motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), and to the extent that is not successful, a motion for summary judgment.  Member Source requests the Court's indulgence for Member Source to file such a motion on an expedited basis as relates to the question of whether ASIS was "adversely affected by" the alleged violations, as required under 15 U.S.C. §7706(g).  Most, if not all of the facts as to this discrete issue have already been discovered or are in ASIS's exclusive control.  Moreover, Member Source submits that this issue has already been conclusively decided by Judge Spero in the 2005 Case.
2. Motion for Rule 11 sanctions based on the unsubstantiated allegations in ASIS's complaint.

  3. Motion for sanctions for vexatiously multiplying litigation, pursuant to 28 U.S.C. §1927.

  4. Motion for attorneys' fees pursuant to 15 U.S.C. §7706.

**5.** <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

  **It is unclear at this juncture whether Plaintiff will be seeking leave to name additional parties. The first round of written discovery should answer this question.**

**Member Source's Statement:**

  **Member Source does not anticipate amending its pleading at this time.**

**6.** <u>Evidence Preservation</u>: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

  **To the best of their knowledge the parties hereto have fully complied with the evidence preservation requirements.**

**Member Source's Statement:**

  **Based on arguments raised in the 2005 Case, Member Source has serious concerns about the efforts undertaken by ASIS to preserve relevant documents. Member Source requests that the Court issue a preservation order requiring ASIS and its agents to preserve all electronic documents that may prove relevant to any claim or defense in this case.**

**7.** <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

  **Plaintiff provided Defendant with samples of the subject emails that were redacted to protect Plaintiffs' clients' private information and Plaintiff's corporate information.**

  **Plaintiff's counsel has requested the Defendant's Counsel agree to a protective order in this case that would protect the consumer and corporate information of the parties. In order to deliver the subject emails in this matter to Defendant's Counsel without redaction, Plaintiff must be assured that Plaintiff's email accounts in the subject emails will not be exposed beyond Defendant's counsel. This includes not exposing the email accounts to Defendant. The email accounts in the subject emails are Plaintiff customer's property and Plaintiff's corporate property. Exposure of these email accounts could result in serious damage to Plaintiff's customers and Plaintiff's business.**

  **Defendant has declined to agree to a protective order believing it to be premature.**

  **If Defendant does not agree to a protective order prior to the time for initial disclosure Plaintiff will move the court for protection under FRCP Rule 26(c).** *United States v. CBS, Inc.*, **666 F2d 364, 368–369 (9th Cir. 1982).**

  **Two Northern District courts have upheld the Attorney Eyes Only (AEO) designations of an IAP and user clients email address. See** *Phillips v Netblue*, **C-05-4401 (SC), Docket 138;** *Asis v Optin Global*, **C-05-5124 JCS, Docket 242 (courtesy copies are attached hereto).**

<u>Member Source's Statement:</u>

  **Any Initial Disclosures not already made will be made within 14 days of the Case Management Conference.**

**8.** <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

  **The parties request no limitations on discovery other than set forth in F.R.C.P. Rule 26, with the cut-off dates as proposed in #17 hereafter.**

  **Plaintiff requests that as the parties desire to work towards settlement of**

**this matter without incurring excessive costs and therefore propose that expert disclosures not be required until the end of discovery. The parties request that expert witness and Rule 26(a)(2) disclosures be made 90 days before trial and that rebuttal expert disclosures be made 30 days thereafter.**

**Member Source's Statement:**

**The parties have agreed that discovery will comply with the Federal Rules of Civil Procedure and agree that there should be no need at this time to impose additional limitations on the subject matter or timing of discovery in this case. The parties have further agreed that the format of disclosure or discovery of electronic documents should comply with the Federal Rules of Civil Procedure.**

**The parties agree that disclosure and discovery in this case will likely involve production of confidential, proprietary or private information for which special protection from public disclosure is warranted. Member Source has submitted to ASIS a proposed stipulated protective order to protect such confidential, proprietary, and private information. The parties intend to submit a Stipulated Protective Order to the Court for its approval.**

**Member Source has serious concerns about ASIS's adherence to its obligations to preserve and produce relevant electronic documents, based on arguments raised in the 2005 Case. Member Source also opposes an extended discovery period. In the 2005 Case, Judge Spero was forced to reprimand ASIS on multiple occasions for engaging in abusive and burdensome discovery practices. As an example, ASIS issued in excess of 120 third party subpoenas, which Judge Spero found an abuse of the discovery process.**

**9.**     Class Actions: If a class action, a proposal for how and when the class will be certified.
          **N/A**

**10.**    Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**None**

11.  Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

**Plaintiff is seeking statutory damages for violations of the Can Spam Act as follows:**

1. **For statutory damages of up to $100.00 for each violation of 15 U.S.C. §7704(a)(1) in the sum of $625,750;**
2. **For aggravated damages under 15 U.S.C. §7706(g)(1)(C) of up to three times the amount above for these violations committed by the defendants' violations of 15 U.S.C. §7704(b) in the sum of $1,877,250;**
3. **For a preliminary and permanent injunction preventing the defendants and all persons acting in concert with them from the violation of the Can-Spam Act of 2003;**
4. **For liquidated damages of $1,000.00 for each violation of California Business and Professions Code § 17529.5(a) in the sum of $5,006,000;**

**Member Source's Statement:**

**Member Source seeks judgment in its favor and further that the Court order ASIS to pay Member Source's costs and attorneys' fees pursuant to 15 U.S.C. §7706, along with other monetary sanctions as the Court sees fit pursuant to Rule 11 and 28 U.S.C. §1927.**

12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

**The parties have engaged in informal settlement discussions. If settlement**

**is not reached, the parties will request assignment to mediation.**

**Member Source's Statement:**

**The parties consent to Alternative Dispute Resolution and requests this matter be referred to mediation.**

13. Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**The parties have consented to Magistrate Judge Chen for all purposes.**

14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**No.**

15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

**Unknown prior to Discovery.**

**Member Source's Statement:**

**As discussed above, Judge Spero previously ruled in the 2005 Case that ASIS had no standing to bring its CAN-SPAM claims, and accordingly, dismissed all of ASIS's claims in that case. Member Source submits that Judge Spero's decision is preclusive of ASIS's lack of standing in this case, and that this dispositive issue can be addressed by the Court immediately.**

16. Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

**No.**

17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

| | |
|---|---|
| **Non-Expert Discovery Cut-off** | **December 12, 2008** |

|  |  |
|---|---|
| **Designation of Experts:** | **February 10, 2009** |
| **Rebuttal:** | **March 12, 2009** |
| **Expert Discovery Cut-off** | **April 10, 2009** |
| **Dispositive Motions - Last Day for Hearing:** | **January 12, 2009** |
| **Final Pretrial** | **April 21, 2009** |
| **Trial** | **May 11, 2009** |

**Member Source does not believe that the factual issues in this case are nearly as complicated as ASIS maintains, and sees no reason to deviate from standard scheduling procedures.**

18.     <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

  a. Plaintiff timely requested a Jury Trial and anticipates it will take __4__ days; Plaintiff anticipates calling ____5____ witnesses.

  b. Defendants anticipate it will take __8__ days; Defendants anticipate calling __3__ additional witnesses.

19.     <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either:  (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

  **Plaintiff ASIS INTERNET SERVICES is a California corporation which has no parent corporation or any other parties with financial or other interest therein**

**Member Source certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:**

**Chris Sommer – Equity stake holder in Defendant, Member Source Media, LLC**

**20.** Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

**SINGLETON LAW GROUP**

Dated: June 4, 2008      /s/ Jason K. Singleton
Jason K. Singleton,
Richard E. Grabowski, Attorneys for
Plaintiff, ASIS INTERNET SERVICES

**KRONENBERGER BURGOYNE, LLP**

Dated: June 4, 2008      /s/ Henry M. Burgoyne, III
Henry M. Burgoyne, III, Attorneys for
Defendants, MEMBER SOURCE MEDIA, et al.