**KRONENBERGER BURGOYNE, LLP**
Henry M. Burgoyne (CA Bar No. 203748)
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
Margarita Calpotura (CA Bar No. 244711)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158
hank@kronenbergerlaw.com
karl@kronenbergerlaw.com
jeff@kronenbergerlaw.com
margarita@kronenbergerlaw.com

Attorneys for Defendant Member Source Media, LLC.

Jason K. Singleton, State Bar #166170
jason@singletonlawgroup.com
Richard E. Grabowski, State Bar # 236207
rgrabowski@mckinleyville.net
SINGLETON LAW GROUP
611 "L" Street, Suite A
Eureka, CA 95501
(707) 441-1177
 Fax: 441-1533

Attorney for Plaintiff, ASIS INTERNET SERVICES

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASIS INTERNET SERVICES**, a California corporation,<br><br>                    Plaintiff,<br><br>          vs.<br><br>**MEMBER SOURCE MEDIA, LLC,** *et al.*,<br><br>               Defendants. | Case No. CV-08-1321-EMC<br><br>**STIPULATED PROTECTIVE ORDER** |

Case No. C-08-1321 EMC                        **STIPULATED PROTECTIVE ORDER**

<div style="margin-left:2em">
1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27<br>28
</div>

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

**1. <u>PURPOSES AND LIMITATIONS</u>**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

**2. <u>DEFINITIONS</u>**

2.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4 <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1  from a Producing Party.

2      2.6 <u>Producing Party</u>: a Party or non-party that produces Disclosure or

3  Discovery Material in this action.

4      2.7. <u>Designating Party</u>: a Party or non-party that designates information or

5  items produced in disclosures or in responses to discovery as "Confidential" or "Highly

6  Confidential— Attorneys' Eyes Only."

7      2.8 <u>Protected Material</u>: any Disclosure or Discovery Material that is

8  designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

9      2.9. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who

10  are retained to represent or advise a Party in this action.

11      2.10 <u>House Counsel</u>: attorneys who are employees of a Party.

12      2.11 <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as

13  well as their support staffs).

14      2.12 <u>Expert</u>: a person with specialized knowledge or experience in a matter

15  pertinent to the litigation who has been retained by a Party or its counsel to serve as an

16  expert witness or as a consultant in this action and who is not a past or a current

17  employee of a Party or of a competitor of a Party's and who, at the time of retention, is

18  not anticipated to become an employee of a Party or a competitor of a Party's. This

19  definition includes a professional jury or trial consultant retained in connection with this

20  litigation.

21      2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support

22  services (e.g., photocopying; videotaping; translating; preparing exhibits or

23  demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their

24  employees and subcontractors.

25  **3. <u>SCOPE</u>**

26      The protections conferred by this Stipulation and Order cover not only Protected

27  Material (as defined above), but also any information copied or extracted therefrom, as

28  well as all copies, excerpts, summaries, or compilations thereof, plus testimony,

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1  conversations, or presentations by parties or counsel to or in court or in other settings
2  that might reveal Protected Material.

3  **4. DURATION**

4  Even after the termination of this litigation, the confidentiality obligations imposed
5  by this Order shall remain in effect until a Designating Party agrees otherwise in writing
6  or a court order otherwise directs.

7  **5. DESIGNATING PROTECTED MATERIAL**

8  5.1 Exercise of Restraint and Care in Designating Material for Protection.
9  Each Party or non-party that designates information or items for protection under this
10 Order must take care to limit any such designation to specific material that qualifies under
11 the appropriate standards. A Designating Party must take care to designate for protection
12 only those parts of material, documents, items, or oral or written communications that
13 qualify – so that other portions of the material, documents, items, or communications for
14 which protection is not warranted are not swept unjustifiably within the ambit of this
15 Order.

16 Mass, indiscriminate, or routinized designations are prohibited.
17 Designations that are shown to be clearly unjustified, or that have been made for an
18 improper purpose (e.g., to unnecessarily encumber or retard the case development
19 process, or to impose unnecessary expenses and burdens on other parties), expose the
20 Designating Party to sanctions.

21 If it comes to a Party's or a non-party's attention that information or items
22 that it designated for protection do not qualify for protection at all, or do not qualify for the
23 level of protection initially asserted, that Party or non-party must promptly notify all other
24 parties that it is withdrawing the mistaken designation.

25 5.2 Manner and Timing of Designations. Except as otherwise provided in
26 this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise
27 stipulated or ordered, material that qualifies for protection under this Order must be
28 clearly so designated before the material is disclosed or produced.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1    Designation in conformity with this Order requires:

2    (a) for information in documentary form (apart from transcripts of

3    depositions or other pretrial or trial proceedings), that the Producing Party affix the

4    legend "CONFIDENTIAL "or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at

5    the top of each page that contains protected material. If only a portion or portions of the

6    material on a page qualifies for protection, the Producing Party also must clearly identify

7    the protected portion(s) (e.g., by making appropriate markings in the margins) and must

8    specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL"

9    or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

10    A Party or non-party that makes original documents or materials

11    available for inspection need not designate them for protection until after the inspecting

12    Party has indicated which material it would like copied and produced. During the

13    inspection and before the designation, all of the material made available for inspection

14    shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the

15    inspecting Party has identified the documents it wants copied and produced, the

16    Producing Party must determine which documents, or portions thereof, qualify for

17    protection under this Order, then, before producing the specified documents, the

18    Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

19    CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains

20    Protected Material. If only a portion or portions of the material on a page qualifies for

21    protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by

22    making appropriate markings in the margins) and must specify, for each portion, the level

23    of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

24    ATTORNEYS' EYES ONLY").

25    (b) for testimony given in deposition or in other pretrial or trial

26    proceedings, that the Party or non-party offering or sponsoring the testimony identify on

27    the record, before the close of the deposition, hearing, or other proceeding, all protected

28    testimony, and further specify any portions of the testimony that qualify as "HIGHLY

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1    CONFIDENTIAL – ATTORNEYS' EYES ONLY."    Additionally, the Party or non-party

2    offering or sponsoring the testimony must serve on all Parties, within 30 days of receipt of

3    the transcript containing the testimony, written notification identifying the specific portions

4    of the testimony as to which protection is sought and specifying the level of protection

5    being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

6    ONLY").    Only those portions of the testimony that are appropriately designated for

7    protection within the 30 days shall be covered by the provisions of this Stipulated

8    Protective Order.

9                  Transcript pages containing Protected Material must be separately

10   bound by the court reporter, who must affix to the top of each such page the legend

11   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as

12   instructed by the Party or nonparty offering or sponsoring the witness or presenting the

13   testimony.

14                  (c)  for information produced in some form other than documentary,

15   and for any other tangible items, that the Producing Party affix in a prominent place on

16   the exterior of the container or containers in which the information or item is stored the

17   legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If

18   only portions of the information or item warrant protection, the Producing Party, to the

19   extent practicable, shall identify the protected portions, specifying whether they qualify as

20   "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

21                  5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent

22   failure to designate qualified information or items as "Confidential" or "Highly Confidential

23   – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to

24   secure protection under this Order for such material. If material is appropriately

25   designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the

26   material was initially produced, the Receiving Party, on timely notification of the

27   designation, must make reasonable efforts to assure that the material is treated in

28   accordance with the provisions of this Order.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

**6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a Confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the

1    Producing Party's designation.

2    **7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

3         7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

4 disclosed or produced by another Party or by a non-party in connection with this case

5 only for prosecuting, defending, or attempting to settle this litigation. Such Protected

6 Material may be disclosed only to the categories of persons and under the conditions

7 described in this Order. When the litigation has been terminated, a Receiving Party must

8 comply with the provisions of section 11, below (FINAL DISPOSITION).

9      Protected Material must be stored and maintained by a Receiving Party at a

10 location and in a secure manner that ensures that access is limited to the persons

11 authorized under this Order.

12         7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise

13 ordered by the court or permitted in writing by the Designating Party, a Receiving Party

14 may disclose any information or item designated CONFIDENTIAL only to:

15         (a) the Receiving Party's Outside Counsel of record in this action, as

16 well as employees of said Counsel to whom it is reasonably necessary to disclose the

17 information for this litigation and who have signed the "Agreement to Be Bound by

18 Protective Order" that is attached hereto as Exhibit A;

19         (b) the officers, directors, and employees (including House Counsel)

20 of the Receiving Party to whom disclosure is reasonably necessary for this litigation and

21 who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

22         (c) experts (as defined in this Order) of the Receiving Party to whom

23 disclosure is reasonably necessary for this litigation and who have signed the

24 "Agreement to Be Bound by Protective Order" (Exhibit A);

25         (d) the Court and its personnel;

26         (e) court reporters, their staffs, and professional vendors to whom

27 disclosure is reasonably necessary for this litigation and who have signed the

28 "Agreement to Be Bound by Protective Order" (Exhibit A);

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author of the document or the original source of the information.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(e) the author of the document or the original source of the information.

7.4 Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts"

(a) Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must give simultaneous or advance written notice to the Designating Party that identifies (1) the specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks to disclose to the Expert, and (2) the full name of the Expert. Moreover, at some point prior to disclosure of the HIGHLY CONFIDENTIAL information, the Party must provide the Designating Party with (1) the city and state of the Expert's primary residence, and (2) a copy of that Expert's current resume.

(b) If the Designating Party objects to a disclosure of HIGHLY CONFIDENTIAL information to an Expert, it must provide a written objection to the Party seeking to disclose such information.  If the Party has not yet provided the information to its Expert, it must refrain from doing so.  If it has already provided the information to its Expert, the Party must inform the Expert that the Designating Party has objected to disclosure, and that all copies of the HIGHLY CONFIDENTIAL information, including any electronic copies, and notes regarding the HIGHLY CONFIDENTIAL information, must be destroyed.  The Party and the objecting Designating Party shall then, within two weeks of the objection, meet and confer, either in person or telephonically, to resolve the dispute. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1  In any such proceeding the Party opposing disclosure to the Expert

2  shall bear the burden of proving that the risk of harm that the disclosure would entail

3  (under the safeguards proposed) outweighs the Receiving Party's need to disclose the

4  Protected Material to its Expert.

5  **8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>**

6  **<u>OTHER LITIGATION</u>**

7  If a Receiving Party is served with a subpoena or an order issued in other

8  litigation that would compel disclosure of any information or items designated in this

9  action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"

10  the Receiving Party must so notify the Designating Party, in writing (by fax, if possible)

11  immediately and in no event more than three court days after receiving the subpoena or

12  order. Such notification must include a copy of the subpoena or court order.

13  The Receiving Party also must immediately inform in writing the Party who

14  caused the subpoena or order to issue in the other litigation that some or all the material

15  covered by the subpoena or order is the subject of this Protective Order. In addition, the

16  Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the

17  Party in the other action that caused the subpoena or order to issue.

18  The purpose of imposing these duties is to alert the interested parties to the

19  existence of this Protective Order and to afford the Designating Party in this case an

20  opportunity to try to protect its confidentiality interests in the court from which the

21  subpoena or order issued. The Designating Party shall bear the burdens and the

22  expenses of seeking protection in that court of its confidential material – and nothing in

23  these provisions should be construed as authorizing or encouraging a Receiving Party in

24  this action to disobey a lawful directive from another court.

25  **9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

26  If a Receiving Party learns that, by inadvertence or otherwise, it has

27  disclosed Protected Material to any person or in any circumstance not authorized under

28  this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing

the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10. FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

**11. FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

**12. MISCELLANEOUS**

        12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

        12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: July 3, 2008         /s/ Henry M. Burgoyne

        Attorneys for Member Source Media, LLC

DATED: June 16, 2008         

        Attorneys for ASIS Internet Services

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____

        Edward M. Chen
        United States Magistrate Judge

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

Case No. C-08-1321 EMC         12     **STIPULATED PROTECTIVE ORDER**



EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *ASIS Internet Services v. Member Source Media, LLC*, Case No. C-08-1321 EMC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com