**KRONENBERGER BURGOYNE, LLP**
Henry M. Burgoyne (CA Bar No. 203748)
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
Margarita Calpotura (CA Bar No. 244711)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158
hank@kronenbergerlaw.com
karl@kronenbergerlaw.com
jeff@kronenbergerlaw.com
margarita@kronenbergerlaw.com

Attorneys for Defendant Member Source Media, LLC.


Jason K. Singleton, State Bar #166170
jason@singletonlawgroup.com
Richard E. Grabowski, State Bar # 236207
rgrabowski@mckinleyville.net
SINGLETON LAW GROUP
611 "L" Street, Suite A
Eureka, CA 95501
(707) 441-1177
 Fax: 441-1533

Attorney for Plaintiff, ASIS INTERNET SERVICES

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASIS INTERNET SERVICES**, a California corporation,<br><br>      Plaintiff,<br><br>vs.<br><br>**MEMBER SOURCE MEDIA, LLC,** *et al.*,<br><br>      Defendants. | Case No. CV-08-1321-EMC<br><br>**JOINT DISCOVERY PLAN** |

1  Pursuant to Rule of Civil Procedure 26(f)(3), and the Court's direction, Plaintiff
2  ASIS Internet Services ("ASIS") and Defendant Member Source Media, LLC ("Member
3  Source") submit this Joint Discovery Plan.

4  **I.   What changes should be made in the timing, form, or requirement for**
5  **disclosures under Rule 26(a), including a statement of when initial disclosures**
6  **were made or will be made.**

7  **A.   Member Source's Statement.**

8  The parties have exchanged initial disclosures pursuant to Rule of Civil Procedure
9  26(a).  Member Source served its initial disclosures on ASIS on June 4, 2008.  ASIS
10 served its initial disclosures on Member Source on June 11, 2008.  <u>ASIS, which claims
11 that the addresses to which Member Source sent the alleged emails ("Emails") are
12 confidential corporate information, has yet to produce versions of the Emails containing
13 such addresses</u>.  If and when ASIS does produce complete versions of the Emails, ASIS
14 is expected to designate such addresses as "Confidential" and/or "Highly Confidential-
15 Attorneys' Eyes Only."  Of course, any such designation would make it extremely
16 cumbersome or impossible for Member Source to gather information, including from third
17 parties, relating to the Emails, in particular as concerns any expression of affirmative
18 consent by the owners/operators of such addresses to receive the Emails.  Member
19 Source will raise the designation issue with the Court as soon as is practicable.

20 **B.   ASIS's Statement.**

21 A confidential designation would allow Defendant's employees, experts and
22 technical staff access to the unredacted emails.

23 **II.  The subjects on which discovery may be needed, when discovery should be**
24 **completed, and whether discovery should be conducted in phases or be limited to**
25 **or focused on particular issues.**

26 **A.   Member Source's Statement.**

27 In its Order Granting Defendant's Motion for Security for Costs; and Setting Case
28 Management Schedule [Docket No. 7] (the "Order"), the Court set forth the parameters of

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

Case No. C-08-1321 EMC                          1                          **JOINT DISCOVERY PLAN**

1  discovery to take place during the first phase of this action.  The only remaining issue
2  concerns depositions, specifically the handling of witnesses with knowledge of both
3  ASIS's alleged standing and other merits issues.  <u>Member Source has identified at least
4  four such witnesses, to include ASIS owners Nella White and Rex White, ASIS employee
5  Sally Then, and ASIS's accountant (whom ASIS described in prior litigation but failed to
6  specifically identify)</u>.  During the parties' June 11 case management conference, the
7  Court suggested that ASIS permit Member Source to conduct two-part depositions of
8  such witnesses—the first part (regarding standing) to take place during the initial phase
9  of this litigation and the second part (regarding all other merits issues) to take place later.
10  Accordingly, Member Source requests that the Court issue a discovery order permitting
11  Member Source to conduct two-part depositions of the four witnesses set forth above.

12      In the meet and confer over this discovery plan, ASIS for the first time suggested
13  that it be permitted to propound additional discovery concerning the involvement of third
14  party "affiliates" in the sending of the Emails.  <u>Member Source strenuously objects to
15  ASIS's proposed "affiliate" discovery, insofar as any investigation as to the source of
16  each of 5,000-plus emails, few if any of which were sent by Member Source, would
17  create an extraordinary amount of work for Member Source, thus defeating the purpose
18  of bifurcation</u>.  ASIS's proposed additional discovery is a thinly-veiled fishing expedition
19  aimed at gathering information for use in filing future CAN-SPAM lawsuits.

20      **B.     ASIS's Statement.**

21      Plaintiff is not opposed to Defendant taking two depositions prior to the
22  proposed dispositive motion, and that such testimony be limited to standing
23  issues, or that Defendant have the opportunity to depose such witnesses a
24  second time on all other issues after the question on standing is resolved.

25      Plaintiff has propounded 7 subpoena's prior to the Court's issuing its order
26  on Security on Costs.  This was done with Defendant's advance notice and
27  consent.

28

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

Defendant has been provided with the emails at issue in this litigation in redacted format. Plaintiff requests leave to propound five very simple interrogatories to determine whether Defendant can identify which of its affiliates sent the subject emails, or simply a statement under oath that it cannot identify which affiliates sent the emails.

**III. Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

**A.    Member Source's Statement.**

Based on ASIS's document production in *ASIS v. Optin Global, et al.*, No. 05-5124, Member Source has serious concerns about the efforts taken by ASIS to preserve relevant documents existent at or after the time ASIS decided to file this lawsuit. In particular, Member Source is concerned that ASIS has failed to preserve email server logs, spam filter and virus scanning logs, server configuration data, remote user access logs, and other information obviously relevant to the issues of, without limitation, ASIS's receipt of, and adverse effects allegedly caused by, the Emails. Member Source requests that the Court issue a preservation order requiring ASIS and its contractors, attorneys and other agents to preserve all electronic documents that may prove relevant to any claim or defense in this case.

**B.    ASIS's Statement.**

There is no substance to Defendant's argument that Plaintiff failed to preserve evidence in the *Optin Global* matter. Defendant should at least identify what evidence it has concerns about before requiring the Court consider such a protective order. Moreover, the law itself contains doctrines designed to address such concerns.

**IV. Any issues about claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert these claims after production — whether to ask the court to include their agreement in an order.**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1   The parties agree that disclosure and discovery in this case will likely involve production of confidential, proprietary, or private information for which special protection from public disclosure is warranted. The parties intend to submit a Stipulated Protective Order to the Court for its approval.

## V. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.

The parties have agreed that discovery will comply with the Federal Rules of Civil Procedure and agree that with the exception of the proposed discovery schedules set forth above, there should be no need at this time to impose additional limitations on the subject matter or timing of discovery in this case.

## VI. Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

### A. Member Source's Statement.

As directed by the Court, the parties have discussed a stay of this case pending a resolution of the appeal relating to *ASIS v. Optin Global.* Thus far, ASIS has refused to stipulate to a stay. Member Source believes a stay of this action is entirely appropriate because: 1) almost any construction of CAN-SPAM will foreclose ASIS's alleged standing; 2) litigation of just the standing issue in this case will cost the parties, in particular Member Source, scores of thousands of dollars in attorneys' fees; 3) ASIS's concerns regarding the preservation of evidence can be satisfied by much less burdensome and expensive means, such as preservation orders.

In another ASIS CAN-SPAM case, *ASIS v. Azoogle.com, Inc.*, No. C-07-4630 JCS, Judge Spero recently stated his intention to stay that litigation pending outcome of the *ASIS v. Optin Global* appeal. ASIS responded by voluntarily agreeing to dismiss *ASIS v. Azoogle*, in its entirety, with prejudice. (*ASIS v. Azoogle* had previously been stayed by Judge Patel, in November 2007, pending a resolution of *ASIS v. Optin Global*.) ASIS attempts to distinguish this case from *ASIS v. Azoogle* on the ground that discovery in *ASIS v. Azoogle* would have been futile, given the passage of time. That distinction

1  lacks all credibility, given that the first of the Emails at issue here were sent in March
2  2006, just three months after the first emails at issue in *ASIS v. Azoogle*. If it were too
3  late for discovery in *ASIS v. Azoogle*, then it is too late for discovery here.

4  ASIS and Member Source will submit a joint letter on the issue of a stay, as
5  directed by the Court. <u>In the event that ASIS and Member Source are unable to reach
6  agreement, Member Source will seek leave of the Court to file a motion to stay</u>.

**B.  ASIS's Statement.**

The *ASIS v. Azoogle.com, Inc.*, No. C-07-4630 JCS matter has already been stayed for a year. As a result, electronic data in the possession of third parties and which Plaintiff needed for prosecution of the action, probably no longer exists. Hence, Plaintiff's offer there to dismiss for a waiver of costs. If this matter is stayed pending the appeal in *Optin Global*, the likelihood of tracking down the senders of the subject emails and establishing their relationship to Defendant becomes remote. It is not uncommon for various District Courts to have divergent views on complex questions of law. If each time this occurred, all related cases were stayed pending the outcome of an appeal in any one case, there would be a considerable number of stayed matters. Justice delayed is justice denied. Moreover, the parties and the Court have contemplated and effected a plan to hear the standing question in an expedited manner. If Defendant prevails, Defendant will have their stay pending appeal.

DATED: July 3, 2008               **KRONENBERGER BURGOYNE, LLP**


                                  By: /s/ Henry M. Burgoyne
                                       Henry M. Burgoyne, III

                                  Attorney for Defendant Member Source Media, LLC


DATED: July 3, 2008               **SINGLETON LAW GROUP**


                                  By: /s/ Jason K. Singleton
                                       Jason K. Singleton

                                  Attorney for Plaintiff ASIS Internet Services


### ATTESTATION OF CONCURRENCE IN FILING

Pursuant to N.D. Cal. General Order No. 45, section 45 X(B), I, Henry M. Burgoyne, III, hereby attest that the concurrence to the filing of this Joint Discovery Report has been obtained from Counsel for Plaintiff who has provided the conformed signature above.

DATED: July 3, 2008               **KRONENBERGER BURGOYNE, LLP**


                                  By: /s/ Henry M. Burgoyne
                                       Henry M. Burgoyne, III

                                  Attorney for Defendant Member Source Media, LLC