KRONENBERGER | BURGOYNE

150 Post Street
Suite 520
San Francisco, CA 94108

Phone 415.955.1155
Fax   415.955.1158
www.kronenbergerlaw.com

July 10, 2008

The Hon. Edward M. Chen
Magistrate Judge
U.S. District Court for Northern California
450 Golden Gate Avenue, Courtroom C, 15th Floor
San Francisco, CA 94102

**AS FILED**

**RE:**  *ASIS INTERNET SERVICES V. MEMBER SOURCE MEDIA, LLC*,
        **USDC, NORTHERN DISTRICT OF CALIFORNIA, CV-08-1321**

Dear Judge Chen:

Counsel for defendant Member Source Media, LLC ("Member Source") and counsel for plaintiff ASIS Internet Services ("ASIS"), hereby submit this joint letter regarding whether the above-referenced proceeding should be stayed pending the resolution of the appeal in *ASIS Internet Services v. Azoogle.com, Inc.*, No. 08-15979 (the "Appeal").

**Member Source's Statement**

As directed by the Court, the parties have discussed a stay of this case during the Appeal. The Appeal—brought by ASIS—seeks a review of the identical questions of law at issue in this case, including the construction of the phrase "adversely affected" as used in CAN-SPAM's standing requirement. As with the case underlying the Appeal, the Court's interpretation of "adversely affected" will prove dispositive of ASIS's standing in this action.

Despite the parties' meet and confer efforts, ASIS has refused to stipulate to a stay. ASIS has expressed concerns that if the action is stayed potential evidence may be lost. ASIS's concerns are unwarranted and are dwarfed by the economies that would arise from a stay. Despite ASIS's refusal, a stay of this action is entirely appropriate because: 1) even bifurcated litigation of just the standing issue in this case will cost the parties tens of thousands of dollars in attorneys' fees and the Court countless hours of time; and 2) any concerns regarding the preservation of evidence can be resolved through much less burdensome means, such as a preservation order.

"A trial court may, with propriety, find it is efficient for its own docket in the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and

does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of California Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). When determining whether to stay proceedings the court should consider the following factors: 1) judicial economy, 2) the moving party's hardship if the case is not stayed, and 3) potential prejudice to the non-moving party if the action is stayed. *Single Chip Systems Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052 (S.D. Cal. 2007).

These factors weigh heavily in favor of staying this action. A stay will promote the economy of both the Court and the parties, because none will incur expenses during the Appeal, and the disposition of the Appeal will prove dispositive of ASIS's standing in this case. Moreover, ASIS will not be prejudiced by a stay because the threats of spoliation complained of by ASIS can be remedied through a preservation order to the extent that there are such actual threats.

In another ASIS CAN-SPAM case, *ASIS v. Azoogle.com, Inc.*, No. C-07-4630 JCS, Judge Spero recently stated his intention to stay that litigation pending the outcome of the Appeal. ASIS responded by agreeing to dismiss this case, in its entirety, with prejudice. (*ASIS v. Azoogle* had previously been stayed by Judge Patel, in November 2007, pending a resolution of *ASIS v. Optin Global.*) ASIS has sought to distinguish this case from *ASIS v. Azoogle* on the ground that discovery in *ASIS v. Azoogle* would have been futile, given the passage of time. That distinction lacks all credibility, given that the first of the emails at issue here was sent in March 2006, just three months after the first emails at issue in *ASIS v. Azoogle*. If it were too late for discovery in *ASIS v. Azoogle*, then it is too late for discovery here.

As an alternative to a stay and to the bifurcation already ordered by the Court, ASIS has suggested that the question of standing be decided on the pleadings (e.g., on a motion to dismiss, or on a motion to amend ASIS's complaint). As recognized by the Court during the case management conference, however, ASIS's standing raises both legal and factual questions. The sufficiency with which ASIS pleads adverse effects is entirely separate from the quantum of proof ASIS might later offer in support of those allegations. If Member Source is to be charged tens of thousands of dollars for motions practice, it should be in the interest of a final, fact-based adjudication sufficient to withstand a range of appeals court rulings. ASIS already has two vehicles to raise the legal issue of standing (*ASIS v. Optin Global* and *ASIS v Active Response Group*, No. C-07-6211 THE). It has no need for a third, particularly as financed by an innocent third party like Member Source.[1]

---

[1] Related to its suggested procedure, ASIS continues to request that it be permitted to serve discovery on Member Source concerning the supposed senders of the alleged emails. As Member Source pointed out in the parties' joint discovery plan, it would be fundamentally unfair to require Member Source to incur the expense of researching more than 5,000 emails, in particular at a time when ASIS appears to be doing no research of its own and in any event appears to lack standing. ASIS has all the information it needs—in particular, the alleged

Because even a cursory review reveals that the benefits of a stay would far outweigh any prejudice, the Court should stay this action during the Appeal. If the Court so desires, Member Source is prepared to file supplemental briefing on this issue.

**ASIS's Statement**

Defendant's primary basis for requesting a stay is that it will cost "*thousands in costs and countless hours of time*," to get to a ruling on the legal question of standing.

This is simply not the case. In another matter, *ASIS v Active Response Group* (C-07-6211 TEH), the plaintiffs and defendant there worked together to efficiently present the same legal question to Judge Henderson via a **FRCP** 12(b)(c) motion. That motion is set for hearing on *July 21st, 2008*. In the within matter, Plaintiff's counsel requested that Defendant here use the same procedure. Defendant declined, preferring to conduct discovery and use a motion for summary judgment.

In the within matter, Plaintiff is now preparing a motion for leave to file a First Amended Complaint. The factual allegations regarding Plaintiff's standing are set forth in detail in the FAC, and should well frame the legal question for review. Particularly, since leave to amend is denied where amendment is futile. Plaintiff suggests the discovery Defendant contemplates, and its motion for Summary Judgment, will be unnecessary to get clarification of a purely legal issue.

As an aside, Plaintiff respectfully posits that waiting for Judge Henderson's ruling on the **FRCP** 12(b)(c) motion in *ASIS v Active Response Group* (C-07-6211 TEH) might be useful in deciding whether to grant a stay. If Plaintiffs do not prevail in the *Active Response Group* motion for judgment on the pleadings, then Plaintiff here will stipulate to a stay in the within matter pending the appeal in *Optin Global*, (C-05-5124 JCS).

Next, Plaintiff has posted the $7,500.00 bond required by the Court. The point of this bond, it was thought, was to cover the possibility of Defendants costs up to the point of an expedited dispositive motion, should Defendant prevail thereon. If a stay was going to be effected, the posting of a bond was probably unnecessary.

Defendant has stated Plaintiff's concerns regarding the evaporation of digital evidence is better addressed by a preservation order, rather than limited discovery. Plaintiff disagrees.

---

emails' headers—to begin tracing the path those emails traveled. If, as ASIS now claims, it entirely lacks information suggesting who sent the alleged emails, it should not have raised the range of allegations included in ASIS's complaint.

Member Source Media has stated in the context of this matter, that it sends very few, if any bulk commercial emails, and that its commercial mailings are sent by contractors.  (Docket 8, P2, L24-P3, L3).  The identity of the contractors which sent the emails at issue in this litigation is relevant to the action for multiple reasons, not the least of which is that Plaintiff may wish to amend the complaint to add them as defendants.  Moreover, whether Member Source Media knew or should have known that such contractors were spammers, or were likely to spam, is also highly relevant.  Now, the trail of web browser links, and re-directs, which connects the subject emails to Member Source Media, and identifies the affiliate contractors responsible, is frequently evanescent.   It is also complicated.

Plaintiff submits that a preservation order will not be sufficient in that such an order must be directed to third parties, the identity of which is presently unknown.

It might be noted that in the Joint Discovery Plan filed by the parties, Plaintiff requested leave to submit five interrogatory questions to Defendant to determine whether Defendant could identify its contractors that were responsible for the subject emails, or for Defendant to state it could not so identify the responsible senders, from a review of Defendants data when compared to the subject emails.

Defendant's portion of the Discovery Plan objected to Plaintiff's request on the grounds it would take an enormous amount of work for Defendant to identify the responsible affiliates.  One would think that Defendant would want to know which of its contractors might be spammers.  Defendant's refusal to try to identify which of its affiliates is spamming, is telling.

Finally, Defendant has represented that the emails at issue in this case, and in the matter of *ASIS v Azoogle*, (C-07-4630 JCS) are of the same vintage, and as such, that if the evidence has evaporated in the *Azoogle* matter, then it has as well here.  Defendant misrepresents the age of the data.

The date range for the emails in the present matter is March 2, 2006, through January 21, 2008.  The date range for the emails in the *ASIS v Azoogle* matter is December 12, 2005 through March 30, 2007.

The data in the *Azoogle* matter is considerably older, in digital terms, a lot older.  Moreover, Plaintiff has already sent subpoena's in the present matter, and has not yet been able to in the *Azoogle* matter.  Indeed, Plaintiff has already received some responses to the subpoenas in the present matter.   There is also more data to work from in the present matter as opposed to the *Azoogle* matter as there are some 5,000 emails at issue here, and only 1,600 in the *Azoogle* matter.  (Plaintiff has found approximately 3,000 additional emails to add to the Complaint, which will be addressed in Plaintiff's motion for leave to amend.)

In sum, there are likely to be very little, if any, costs involved in getting a clarification of the standing issue, and what costs there are, will be covered by the bond Plaintiff posted.   Conversely, the two year stay Defendant contemplates, will likely render Plaintiff's claim unprovable.  Plaintiff respectfully

submits that a stay is unnecessary and will prejudice Plaintiff's case to the point of destroying it.

Sincerely,

KRONENBERGER BURGOYNE, LLP


/s/  Henry M. Burgoyne, III


SINGLETON LAW GROUP


/s/ Jason K. Singleton