1  **KRONENBERGER BURGOYNE, LLP**
   Henry M. Burgoyne (CA Bar No. 203748)
2  Karl S. Kronenberger (CA Bar No. 226112)
   Jeffrey M. Rosenfeld (CA Bar No. 222187)
3  Margarita Calpotura (CA Bar No. 244711)
   150 Post Street, Suite 520
4  San Francisco, CA 94108
   Telephone: (415) 955-1155
5  Facsimile:  (415) 955-1158
   hank@kronenbergerlaw.com
6  karl@kronenbergerlaw.com
   jeff@kronenbergerlaw.com
7  margarita@kronenbergerlaw.com

8  Attorneys for Defendant MEMBER SOURCE MEDIA, LLC

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASIS INTERNET SERVICES,** a California corporation,<br><br>              Plaintiff,<br><br>       vs.<br><br>**MEMBER SOURCE MEDIA, LLC,** *et al.*,<br><br>              Defendants. | CASE NO. CV-08-1321-EMC<br><br>**DEFENDANT MEMBER SOURCE MEDIA, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY CASE**<br><br>Date of Hearing:  August 27, 2008<br>Time of Hearing:  10:30 a.m.<br>Location:        Courtroom C |

---

CASE NO. CV-08-1321-EMC         **MEMBER SOURCE'S MPA IN SUPPORT OF MOTION TO STAY**

## I. INTRODUCTION

On August 4, 2008, plaintiff ASIS Internet Services ("ASIS") filed a 60-page brief in the United States Court of Appeals for the Ninth Circuit addressing whether ASIS has standing to bring this or any other CAN-SPAM case, among other issues. A second appeal raising nearly identical issues is also before the Ninth Circuit. *Gordon v. Virtumundo, Inc.*, Case No. 07-35487. If the Court of Appeals disagrees with ASIS's legal arguments regarding standing, as have three district court judges,[1] ASIS will be forced to dismiss this case. Another Northern District judge already found that ASIS has no evidence to support its standing under CAN-SPAM. Given that posture, one would expect ASIS to voluntarily agree to litigate the issue of its standing through the appellate process, and to refrain from further wasting the Court's and other parties' resources litigating speculative new CAN-SPAM cases.

ASIS, however, has refused to do so, resulting in this motion for a stay. This Court has authority to stay an action when an independent proceeding will resolve issues that bear on it. It doesn't matter that the independent proceeding involves different parties or that it will not dispose of all of the questions involved in the stayed action. So long as a stay will result in judicial economy and will not impose substantial harm on the parties, it is within the Court's discretion to order one. As ASIS has conceded, the resolution of the two appeals pending before the Ninth Circuit will be dispositive of ASIS's standing to bring this lawsuit. Permitting ASIS to forge ahead with its claims—even under the bifurcated procedure already ordered by the Court—will put the Court and parties at risk of spending days of time and scores of thousands of dollars in attorneys' fees and costs litigating questions that almost certainly will have to be revisited. The Honorable Joseph C. Spero, the Northern District judge who found ASIS to lack CAN-SPAM standing, proposed to stay a separate, but nearly identical, ASIS CAN-SPAM case for the very reasons stated above. (Declaration of Henry M. Burgoyne, III in Support of

---

[1] *ASIS Internet Services v. Optin Global, Inc.*, 2008 WL 1902217 (N.D. Cal. April 29, 2008); *Brosnan v. Alki Mortgage, LLC*, 2008 WL 413732 (N.D. Cal. Feb. 13, 2008); *Gordon v. Virtumundo, Inc.*, 2007 WL 1459395 (W.D. Wash. May 15, 2007).

1  Defendant Member Source Media, LLC's Motion to Stay Case ("Burgoyne Decl.") ¶6 &
2  Ex. A.)  (ASIS voluntarily dismissed that case.)

3      Furthermore, a stay will not prejudice ASIS in the least.  ASIS's primary objection
4  to a stay is that it might lead to the spoliation of evidence.  Defendant Member Source
5  Media, LLC ("Member Source"), however, has through independent investigation
6  identified the entity or few entities that might be responsible for the alleged emails, and
7  has offered to produce information relating to those entities and to otherwise cooperate in
8  related discovery.  Hence, ASIS will be able to pursue and preserve all the evidence
9  available to it, regardless of whether the Court orders a stay.

10      Given that the disposition of ASIS's appeal may all but dispose of this case, and
11  that if the case is not stayed the parties and the Court will incur irreparable and otherwise
12  avoidable damages, a stay is more than appropriate.  For the reasons set forth herein,
13  the Court should stay this action pending the disposition of ASIS's appeal.

14  **II.    BACKGROUND**

15      ASIS is a small ISP based in Eureka, California with a handful of employees and a
16  proportionate number of customers. (Declaration of Henry M. Burgoyne, III in Support of
17  Member Source Media, LLC's Motion for Security for Costs Including Attorneys' Fees
18  [Docket #10] ("Security Burgoyne Decl.") ¶4.)  A few years ago, ASIS and its attorneys
19  hatched a plan to bring numerous CAN-SPAM lawsuits, based on emails sent to ASIS's
20  former customers.  ASIS has now churned out ten CAN-SPAM lawsuits.  (Burgoyne Decl.
21  ¶4.)  The complaints for the ten lawsuits are nearly identical.  (*Id.*)  ASIS has taken a
22  shell complaint and substituted in different defendants.  (*Id.*)

23      In *ASIS v. Optin Global, et al.*, No. 05-5124 (N.D. Cal.) (the "Prior Case"), ASIS
24  alleged that twenty defendants colluded to send in excess of 10,000 emails in violation of
25  CAN-SPAM and Cal. Bus. & Prof. C. §17529.5.  (Security Burgoyne Decl. ¶6 & Ex. B.)
26  The Honorable Joseph C. Spero entered judgment against ASIS on several grounds.
27  (Security Burgoyne Decl. ¶2 & Ex. A.)  First, Judge Spero found that ASIS did not have
28  standing to bring a CAN-SPAM claim because it had not presented any evidence that it

1  had suffered adverse effects as required by 15 U.S.C. §7706(g)(1).  (*Id.*)  Second, Judge
2  Spero found that ASIS could not establish the defendant's conscious avoidance because
3  ASIS had no evidence that the defendant made a deliberate choice not to know that a
4  third party would send violative emails on the defendant's behalf.  (*Id.*)  Finally, Judge
5  Spero found that ASIS had no evidence that the defendant had either sent the emails at
6  issue or knowingly commissioned another to send those emails, which is a prerequisite to
7  a Section 17529.5 claim.  (*Id.*)

8  On April 24, 2008 ASIS filed its notice of appeal of the Prior Case (the "Appeal").
9  (Burgoyne Decl. ¶3.)  On August 4, 2008 ASIS filed a 60-page opening brief in the
10  Appeal.  In its opening brief, ASIS argued: 1) that the district court erred in finding that
11  CAN-SPAM required a showing of a particular type of significant harm specific to an IAP
12  beyond carrying unlawful emails over its facilities; 2) that the district court erred in using a
13  notice standard to decide the question of conscious avoidance under CAN-SPAM; and 3)
14  the district court erred in finding that the emails at issue were not fraudulent
15  advertisements for the defendant.  (Burgoyne Decl. ¶8 & Ex. C.)  Along with its opening
16  brief, ASIS filed a Notice of Related Case, which stated that *Gordon v. Virtumundo, Inc.*,
17  No. 07-35487, pending before the Ninth Circuit Court of Appeals, raised "substantially the
18  same or closely related issues."  (Burgoyne Decl. ¶7 & Ex. B.)

19  During the pendency of the Appeal, ASIS continued to prosecute a nearly identical
20  CAN-SPAM case, *ASIS v. Azoogle.com* No. 07-4630.  (Burgoyne Decl. ¶6 & Ex. C.)
21  When the court learned of ASIS's Appeal, the court proposed to "stay this case until the
22  appeal [was] decided in the first case."  (*Id.*)  However, ASIS voluntarily dismissed the
23  case with prejudice instead.  (*Id.*)

24  ### III.     ARGUMENT

25  **A.     Legal Standard.**

26  A United States district court has the inherent power to stay proceedings in order
27  to control the disposition of the cases on its docket with economy of time and effort for
28  itself, for counsel, and for litigants.  See *Association of Irritated Residents v. Fred*

1  *Schakel Dairy*, 460 F. Supp. 2d 1185 (E.D.Cal. 2006); *Stern v. Cingular Wireless Corp.*,
2  453 F. Supp. 2d 1138 (C.D. Cal. 2006); *Bureerong v. Uvawas*, 167 F.R.D. 83 (C.D. Cal.
3  1996). Thus, a district court may find it would be most efficient to stay an action pending
4  the resolution of an independent proceeding that bears upon the action before the court.
5  *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458 (9th Cir. 1983). This
6  rule applies whether the independent proceeding is judicial, appellate, administrative, or
7  arbitral in character, and does not require that issues in the independent proceeding to
8  be controlling on the action before court. *Id.*

9       In a so-called *Landis* stay, a court stays an action pending the resolution of an
10  independent proceeding, even where the resolution of the independent proceeding will
11  not dispose of all of the questions involved in the stayed action. *Landis v. North*
12  *American Co.*, 299 U.S. 248, 253 (1936). So long as the resolution of the independent
13  proceeding will narrow the issues in the stayed action and assist in the determination of
14  the questions of law involved, a *Landis* stay is appropriate. *Id.* While the party seeking a
15  *Landis* stay must demonstrate a clear case of hardship if the case is not stayed, neither
16  the parties nor the issues in the two separate cases need to be the same in order for the
17  court to stay one action pending the resolution of the other. *Id.* at 254. A stay of
18  proceedings is appropriate under *Landis* if: 1) the decision in the independent proceeding
19  will simplify some, but not necessarily all, of the issues of law or fact in the case being
20  stayed, and 2) the stay is reasonable in duration. *Central Valley Chrysler-Jeep, Inc. v.*
21  *Witherspoon*, No. CV F 04-6663, 2007 WL 135688, *10 (E.D. Cal. 2007). The Ninth
22  Circuit has further refined the *Landis* inquiry into a three factor test, assessing: 1) the
23  judicial economy that will be served by a stay; 2) the moving party's hardship if the case
24  is not stayed; and 3) the potential prejudice to the non-moving party if the case is stayed.
25  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); *Single Chip Systems Corp.*
26  *v. Intermec IP Corp.*, 495 F. Supp. 2d 1052 (S.D. Cal. 2007); *Carpenters Pension Trust*
27  *For Southern California v. Ebbers*, 299 B.R. 610 (C.D. Cal. 2003).
28

### B. Staying the Case Will Promote Judicial Economy Because it May Dispose of the Case in its Entirety, and at a Minimum Will Clarify the Legal Standards, Particularly Regarding ASIS's Standing.

Regardless of the outcome of the Appeal, its disposition will drastically reduce the Court's time and expense in resolving this case.

If ASIS loses the Appeal, it will all but be forced to dismiss this case, resulting in obvious judicial efficiency. The disposition of the Appeal will establish the legal standard for standing under CAN-SPAM, and specifically the construction of the phrase "adversely affected" as used in the statute. If the Court of Appeals agrees with Judge Spero—and similar authority—ASIS will be forced to dismiss this case. Judge Spero already found that ASIS had no evidence that it had standing to bring the nearly identical Prior Case under CAN-SPAM. ASIS cannot now introduce inconsistent evidence in this case.

Even if ASIS succeeds on its Appeal, a stay will still result in judicial economies. Regardless of the specific outcome of the Appeal, the Ninth Circuit is expected to clarify the legal standard governing CAN-SPAM standing. That standard clarified, this Court will be free to pursue its bifurcated approach without fear that the entirety of its efforts will be mooted by the disposition of the Appeal. To proceed to adjudicate ASIS's standing in the face of two appeals on the very question—one brought by ASIS—is to all but ensure that the Court will have to revisit the question. Similarly, clarification of the relevant standard by the Ninth Circuit will permit the Court to address the issue of Member Source's alleged knowledge (or conscious avoidance thereof) without fear that a later appellate ruling will require the Court to revisit the question.

Appellate clarification of the relevant legal standards will also permit the parties to tailor their discovery and evidentiary records, in avoidance of the costly and time-consuming discovery and summary judgment proceedings that characterized the Prior Case. For example, if the Court of Appeals determines that a CAN-SPAM plaintiff cannot demonstrate knowledge through the use of reputation evidence (as ASIS attempted to do in the Prior Case), the parties and the Court can avoid addressing any such reputation evidence, whether in discovery or motions practice.

For all of these reasons, a stay of this case pending the disposition of the Appeal will promote judicial efficiency.

**C.   Member Source Will Be Faced With Considerable Expense if this Case Is Not Stayed.**

If the case is not stayed, Member Source will be faced with considerable and otherwise avoidable expenses, even under the bifurcated procedure already adopted by the Court.  Over the next several months, Member Source will be forced to incur tens—if not hundreds—of thousands of dollars in attorneys' fees propounding and responding to discovery, taking and defending depositions, and drafting and opposing evidence-intensive motions on the issue of ASIS's standing.  The disposition of the Appeal will most likely eliminate some, if not all, of these expenses for Member Source.  Likewise, an appellate ruling on the issues in this case will permit Member Source (as well as ASIS) to tailor and focus its (and ASIS's) discovery and resulting evidentiary record on summary judgment, insofar as Member Source will not feel compelled to compile a record that might stand up regardless of the eventual legal framework.  That narrowing is sure to save Member Source (as well as ASIS and the Court) days of labor and scores of thousands of dollars in legal fees.  Thus, regardless of the disposition of the Appeal, Member Source will realize significant economies if the case is temporarily stayed.

**D.   ASIS Will Not Be Prejudiced by a Stay.**

Despite its earlier protestations, the record is now clear that ASIS will experience no prejudice from a stay of this case.  As even ASIS must recognize, if the Court of Appeals affirms Judge Spero's analysis of CAN-SPAM, ASIS will be forced to abandon this case:  ASIS will have no standing and no ability to prove conscious avoidance.  In such a situation, ASIS will actually have saved money from the stay.

Furthermore, even if the Court of Appeals disagrees with Judge Spero's analysis, any prejudice to ASIS caused by a stay will be minimal, in particular because Member Source has identified the likely source or sources of the alleged emails, and has agreed to participate in discovery calculated to preserve all existing evidence in supposed

support of ASIS's claims. Member Source has undertaken an analysis of the 5,000 emails at issue, and has determined that they were sent by just three publishers by way of one "network." (Declaration of Chris Sommer in Support of Defendant Member Source Media, LLC's Motion to Stay Case ("Sommer Decl.") ¶5.) While Member Source does not believe there is any risk of spoliation of relevant evidence, in order to ease ASIS's concerns, Member Source agrees that during the stay, it will respond to all relevant discovery concerning the 5,000 emails at issue, including discovery concerning the publishers of those emails. (Sommer Decl. ¶6.) Moreover, despite the imposition of a stay, Member Source will not oppose any valid third party discovery by ASIS of documents relevant to the 5,000 emails or the publishers of those emails. (*Id.*) These efforts would eliminate any potential prejudice to ASIS resulting from the stay—whether such concerns are valid or invalid.

## IV.    CONCLUSION

For all of the reasons set forth above, the Court should stay this case pending the disposition of the Appeal.

DATED:  August 12, 2008                    KRONENBERGER BURGOYNE, LLP


By:    /s/ Henry M. Burgoyne, III

Henry M. Burgoyne, III
Attorney for Defendant
AzoogleAds.com, Inc.