**KRONENBERGER BURGOYNE, LLP**
Henry M. Burgoyne (CA Bar No. 203748)
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
Margarita Calpotura (CA Bar No. 244711)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158
hank@kronenbergerlaw.com
karl@kronenbergerlaw.com
jeff@kronenbergerlaw.com
margarita@kronenbergerlaw.com

Attorneys for Defendant MEMBER SOURCE MEDIA, LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ASIS INTERNET SERVICES,** a California corporation,<br><br>             Plaintiff,<br><br>       vs.<br><br>**MEMBER SOURCE MEDIA, LLC,** *et al.*,<br><br>             Defendants. | CASE NO. CV-08-1321-EMC<br><br>**DEFENDANT MEMBER SOURCE MEDIA, LLC'S OPPOSITION TO ASIS INTERNET SERVICES' MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>**[In Chambers]** |

Local Civil Rule 79-5 states:

> A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law, [hereinafter referred to as "sealable."] The request must be narrowly tailored to seek sealing only of sealable material

As a public forum, "the Court has a policy of providing to the public full access to papers filed in the Office of the Clerk." (Commentary to Local Civil Rule 79-5.) In ASIS Internet Services' ("ASIS") motion to seal documents in opposition to Member Source Media LLC ("Member Source")'s motion to stay ("Motion to Seal"), ASIS failed to provide any reason why the emails at issue are privileged or protectable. Nor has ASIS sought to narrowly tailor its request. ASIS does not even explain what portions of the emails at issue are supposedly privileged or protectable. Even if there is some portion of the emails that warrant protection, ASIS is required to seal just that portion, and to file the remainder for public inspection.

Furthermore, there is no basis to believe that any portion of the emails is privileged or otherwise protectable. All evidence indicates that the emails at issue in ASIS's Motion to Seal comprise public information, which ASIS has affirmatively disclosed on multiple occasions for the sole purpose of generating more spam litigation. The only arguably protectable elements of the emails are the recipients' email addresses. However, ASIS admits that these email addresses do _not_ belong to active ASIS customers (ASIS Opposition to Motion to Stay 2:17-22.) Accordingly, any supposed privacy argument is irrelevant. Moreover, evidence indicates that ASIS has affirmatively published these email addresses in bulk to email marketing websites for the sole purpose of soliciting emails to generate new spam litigation. Thus, even if some privacy or other privilege did once attach to those email addresses, ASIS has waived it.

ASIS has brought ten CAN-SPAM lawsuits to make money, not to protect the interests of its handful of clients. ASIS wants to keep these emails addresses private so

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1   it can continue to set traps and bring additional CAN-SPAM suits, all in hopes of
2   recovering millions of dollars in statutory damages.  If ASIS is going to use the public
3   courts to adjudicate these supposed disputes, it should and must make public the bases
4   of its claims.

## CONCLUSION

6       ASIS has no inherent right to file sealed documents.  If ASIS is to make use of the
7   courts in furtherance of its CAN-SPAM litigation enterprise, it must abide by the rules.  In
8   every meaningful respect ASIS's request fails to comply with the Court's rules regarding
9   sealed documents.  For that reason, ASIS's request should be denied, and the filed
10  emails should be provided to the public.

12  DATED:  August 21, 2008        KRONENBERGER BURGOYNE, LLP

14          By: _____/s/ Henry M. Burgoyne, III_____

15          Henry M. Burgoyne, III
        Attorney for Defendant
16          Member Source Media, LLC