1  **KRONENBERGER BURGOYNE, LLP**
   Henry M. Burgoyne (CA Bar No. 203748)
2  Karl S. Kronenberger (CA Bar No. 226112)
   Jeffrey M. Rosenfeld (CA Bar No. 222187)
3  Margarita Calpotura (CA Bar No. 244711)
   150 Post Street, Suite 520
4  San Francisco, CA 94108
   Telephone:  (415) 955-1155
5  Facsimile:   (415) 955-1158
   hank@kronenbergerlaw.com
6  karl@kronenbergerlaw.com
   jeff@kronenbergerlaw.com
7  margarita@kronenbergerlaw.com

8  Attorneys for Defendant MEMBER SOURCE MEDIA, LLC

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASIS INTERNET SERVICES,** a California corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>**MEMBER SOURCE MEDIA, LLC,** *et al.*,<br><br>            Defendants. | CASE NO. CV-08-1321-EMC<br><br>**DEFENDANT MEMBER SOURCE MEDIA, LLC'S REPLY BRIEF IN SUPPORT OF MOTION TO STAY CASE**<br><br>Date of Hearing:  August 27, 2008<br>Time of Hearing:  10:30 a.m.<br>Location:         Courtroom C |

CASE NO. CV-08-1321-EMC                                MEMBER SOURCE'S REPLY IN
                                                       SUPPORT OF MOTION TO STAY

I. **INTRODUCTION**

In ASIS Internet Services' ("ASIS") opposition to Member Source Media LLC ("Member Source")'s motion to stay, ASIS does what it so often does when in trouble: Toss up handful after handful of irrelevant mud in hopes of distracting the Court from the actual question at issue. Here, that question is whether to stay this case pending the outcome of an independent legal proceeding in the form of ASIS's appeal of the judgment in the only one of ASIS's ten CAN-SPAM cases decided on the merits.

So focused is ASIS on discrediting Member Source that it fails to notice it's invoked the wrong legal standard. Rather than the Ninth Circuit's *Landis* standard for staying litigation pending disposition of an independent action, ASIS relies on the test for whether to <u>stay the enforcement of an already entered judgment</u> pending disposition of the appeal <u>of that judgment</u>. ASIS's attempt to try its case at the pleading stage is entirely inappropriate, and more than irrelevant to the question at issue.[1]

What ASIS's motion omits is any serious discussion of key *Landis* factors. ASIS ignores the benefits to the Court from a stay, as well as the hardships to Member Source if the case is not stayed. Moreover, ASIS attempts to claim as a hardship the fact that it may not be able to recover the millions of dollars in statutory damages it seeks, despite that ASIS has already conceded it suffered no damages as a result of the emails. ASIS's contorted logic is absurd, especially in light of the fact that none of the emails arrived to actual ASIS customers, and that Member Source's records strongly suggest that the email addresses at issue were submitted by ASIS to email marketers for the very purpose of soliciting commercial emails. At a time when spam filters of the sort employed (and with regards to the recipient email addresses disabled) by ASIS are nearly 100% effective, it is impossible to view ASIS as anything other than a professional CAN-SPAM litigation operation of the sort that imposes far more public cost than benefit.

---

[1] In recognition of that irrelevance, Member Source does not spend its and the Court's time pointing out the ways in which ASIS's evidence is lacking, or objectionable, or contradicts ASIS's admissions in its prior litigations, or even conflicts with Judge Spero's findings. To the extent the Court is inclined to consider any of ASIS's evidence, Azoogle requests leave to submit such objections later.

CASE NO. CV-08-1321-EMC      1      **MEMBER SOURCE'S REPLY IN SUPPORT OF MOTION TO STAY**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

The only judge to review ASIS's spam litigation operation found that ASIS had provided no proof whatsoever of its standing, and further, that ASIS had fundamentally misconstrued its burden in regards to conscious avoidance of knowledge. Only one in five district court judges to examine the issue of CAN-SPAM standing has agreed with ASIS's interpretation of the legal standard for standing, and that judge had no opportunity to review the facts as relate to ASIS. Both the standing and conscious avoidance of knowledge issues, as to be decided by the Ninth Circuit, will be dispositive of this case. To permit ASIS to drag another defendant down the same costly path—in particular given ASIS's tendency, as evidenced by its opposition, to vexatiously multiply litigation— would be a complete waste of the Court's and Member Source's time and resources. As Judge Spero concluded in yet another ASIS case against Azoogle.com, Inc., the proper test compels a stay of this litigation. That is what the Court should do.

## II.  ARGUMENT

### A.  ASIS Relies on the Wrong Standard:  *i.e.* on the Standard for a Motion to Stay Enforcement of a Judgment Pending the Appeal of that Judgment.

ASIS recites the wrong legal standard for evaluating whether to stay this case. Specifically, ASIS recites the legal standard for whether to stay the enforcement of a judgment pending the disposition of an appeal of that judgment. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Golden Gate Restaurant Ass'n v. City and County of San Francisco,* 512 F.3d 1112, 1115 (9th Cir. 2008); *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983). Obviously that is not the situation here; there is no judgment yet in this case, and thus no appeal of that judgment. Rather, Member Source's motion seeks to stay this case pending the disposition of an independent legal proceeding, namely the appeal of a highly similar but distinct case. The Ninth Circuit has routinely relied on *Landis v. North American Co.*, 299 U.S. 248 (1936) in deciding whether to stay a case pending the disposition of an independent proceeding. *See, e.g.*, *Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005); *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803 (9th Cir. 2003); *Yong v. Immigration and Naturalization Service*, 208 F.3d 1116, 1119

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1  (9th Cir. 2000). Courts apply the *Landis* inquiry regardless of whether the independent
2  proceeding is another case, an arbitration, or an appeal. *See, e.g.*, *Mediterranean*
3  *Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983).

4  The decision of whether to stay the enforcement of a judgment raises different
5  considerations than whether to stay a case pending the disposition of an independent
6  proceeding. With the former situation, the judgment creditor is generally entitled to
7  enforce its judgment shortly after entry, absent extenuating circumstances. *See* Fed. R.
8  Civ. P. 62. As such, to stay enforcement of a judgment, the judgment debtor must make
9  a showing of a likelihood of success on the appeal, similar to that necessary for a
10 preliminary injunction. *See Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983). By
11 comparison, a *Landis* stay is based on the efficiency of the court and the parties, and
12 derives from a court's inherent power to control its own docket; it does not turn on the
13 merits of a case. *See Landis*, 298 U.S. at 254-55.

14 The Ninth Circuit has set forth a three-factor inquiry to determine whether a *Landis*
15 stay is appropriate, assessing: 1) the judicial economy that will be served by a stay; 2)
16 the moving party's hardship if the case is not stayed; and 3) the potential prejudice to the
17 non-moving party if the case is stayed. *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1110
18 (9th Cir. 2005). Under this test, ASIS's arguments regarding the supposed merits of its
19 case are irrelevant to deciding whether to stay this case. *See*, e.g.*,* Single *Chip Systems*
20 *Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007), *citing Landis*,
21 299 U.S. at 254 (setting forth three factor analysis of *Landis* stay); *Rivers v. Walt Disney*
22 *Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (same).

23 **B.  Even if the Merits of ASIS's Case Were Relevant, a Nearly Identical Case Has**
24 **Already Been Dismissed on the Merits.**

25 Even if the merits of ASIS's case were relevant—and they are not—Judge Spero
26 already granted summary judgment against ASIS on every single issue. As to the issue
27 of ASIS's standing, if the Court of Appeals agrees with Judge Spero's analysis, ASIS will
28 be forced to dismiss this case. Judge Spero found that ASIS had failed to produce any

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

CASE NO. CV-08-1321-EMC                     3                MEMBER SOURCE'S REPLY IN
                                                             SUPPORT OF MOTION TO STAY

evidence that it had standing under CAN-SPAM.  Even if the Court of Appeals adopts a different standard for adverse effects under CAN-SPAM, ASIS cannot distinguish whether any adverse effect was caused by lawful as opposed to unlawful unsolicited emails, let alone whether it was caused by the emails at issue in this case.  Similarly, the findings and analysis in ASIS's prior litigations strongly suggest that ASIS will not be able to prove Member Source's conscious avoidance under CAN-SPAM.  One must question why ASIS felt the need to spend twenty pages briefing the merits of its case at the pleading stage, when it believes Member Source's arguments are "weak" with "little chance of success."  Perhaps it did so because ASIS is scared that it has no case behind its smoke and mirrors.  ASIS's umpteen page discussion of the supposed merits of its case is neither relevant nor persuasive.

**C.     ASIS Does Not Address the Judicial Efficiency that Will Result from a Stay.**

ASIS completely ignores the first and foremost factor under a *Landis* inquiry: the judicial economy that will result from a stay.  Despite ASIS's indifference to this issue, staying this case pending the disposition of the Appeal will drastically reduce the Court's time and expense in resolving this case.  As discussed in Member Source's opening brief, if ASIS loses the Appeal, it will all but be forced to dismiss this case, resulting in obvious judicial efficiency.  But even if ASIS succeeds on its Appeal, a stay will still result in judicial economies.  The Ninth Circuit is expected to clarify the legal standards governing standing and conscious avoidance under CAN-SPAM, thereby permitting this Court to pursue its bifurcated approach without fear that the entirety of its efforts will be mooted by the disposition of the Appeal.

**D.     ASIS Improperly Disregards the Costs to Member Source.**

As for the second *Landis* factor—*i.e.* the moving party's hardship if the case is not stayed—ASIS disregards Member Source's expected costs of litigating this case.  ASIS merely states that "every defendant and plaintiff in a law suit [sic] are generally required to bear their costs of litigation."  While that may be true in some contexts, a defendant need not spend tens—if not hundreds—of thousands of dollars defending a lawsuit that

may be mooted in due course by a pending appeal brought by the opposing party and concerning the exact same issues. This is an unnecessary hardship. ASIS provides no authority in support of its blanket statement that the costs of defending a lawsuit should not be considered in deciding whether to stay a case. To the contrary, such unnecessary costs are precisely why this case should be stayed.

### E. ASIS Ignores Member Source's Offer to Produce Relevant Information Regardless of a Stay.

As for the third *Landis* factor—*i.e.* the potential prejudice to the non-moving party if the case is stayed—ASIS complains of "the potential loss of evidence from a delay in discovery." However, in its opening brief, Member Source offered to produce relevant documents and information regardless of whether the case is stayed. Additionally Member Source agreed not to object or otherwise oppose relevant third party discovery. ASIS does not address Member Source's proposal in its opposition. Instead, ASIS offers an unsupported and generic lecture on the pitfalls of e-discovery. In light of Member Source's proposal, ASIS's argument is irrelevant.

ASIS proffers a pair of hardships that it is supposed to suffer in the event of a stay.[2] If anything, those supposed hardships cut in favor of a stay, insofar as they reinforce that ASIS is not a *bona fide* provider of Internet access services, but a professional litigation mill that derives its profits from CAN-SPAM lawsuits like this one. The emails at issue were received by ASIS because it intentionally disabled email filtering for the addresses in question, none of which pertains to actual customers. ASIS concedes that it has suffered no actual damages from the alleged emails. Why would it suffer any in the future? ASIS has no statutory or other right to squeeze settlements from innocent defendants. The fact that ASIS might have to wait to do so, or might not be

---

[2] ASIS claims that if the case is not stayed it will suffer a hardship because: 1) it will incur "ongoing harm to Plaintiff if Defendant is related to Vantage Interactive, LLC, and the emails from Vantage are in fact from MSM," and 2) "Defendant may be out of business in 2 years making recovery impossible." ASIS provides no support or explanation for these statements.

CASE NO. CV-08-1321-EMC      5      **MEMBER SOURCE'S REPLY IN SUPPORT OF MOTION TO STAY**

able to do so at all, speaks to a private windfall not to be considered under *Landis* or any other test the Court might rely on.

### F. Public Policy Favors Curbing Rapacious Litigation by Professional Plaintiffs.

While ASIS argues that public policy weighs against a stay because spam is a serious problem generally, ASIS's rapacious litigation is a much more serious and immediate public concern. Even though ASIS has suffered no cognizable harm, ASIS has brought ten CAN-SPAM lawsuits against over 30 defendants. And while it's unclear whether any of ASIS's lawsuits has merit—or even whether ASIS has standing—ASIS has managed to force settlements in many of these cases based on the sheer costs for the defendants to litigate. This is not the way civil litigation should work. ASIS should not be able to strong arm defendants into settling cases while ASIS's very ability to bring these cases is in serious doubt. Public policy does not support professional spam plaintiffs bringing lawsuit after lawsuit in order to recover millions of dollars in statutory damages and forced settlements. To the extent public policy is relevant, it weighs strongly against ASIS.

### III. CONCLUSION

For all of the reasons set forth above, the Court should stay this case pending the disposition of the Appeal.

DATED: August 22, 2008         KRONENBERGER BURGOYNE, LLP


                                By:     /s/ Henry M. Burgoyne, III

                                    Henry M. Burgoyne, III
                                    Attorney for Defendant
                                    AzoogleAds.com, Inc.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com