**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIS INTERNET SERVICES,<br><br>    Plaintiff,<br><br>    v.<br><br>MEMBER SOURCE MEDIA, LLC,<br><br>    Defendant.<br>_____/ | No. C-08-1321 EMC<br><br>**ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL; AND STRIKING PLAINTIFF'S REPLY BRIEF**<br><br>**(Docket No. 43)** |

    ASIS seeks to file under seal Exhibits E and G to the declaration of Nella White in support of its opposition to Member Source's motion to stay. Exhibits E and G consist of the e-mails that ASIS received and that ASIS contends were sent by Member Source and/or its affiliates in violation of the CAN-SPAM Act. Exhibits E and G have been provided in electronic form (on a CD) rather than in a hard copy form because there are some 5,000 e-mails at issue.

    Member Source opposes ASIS's motion to file under seal. Member Source argues that, at best, only portions of the e-mails are potentially deserving of protection -- *i.e.*, the e-mail addresses themselves -- and questions whether the e-mail addresses should be protected given the circumstances -- *i.e.*, the e-mail addresses are for inactive accounts and ASIS has purportedly published the addresses in bulk to e-mail marketing websites for the sole purpose of soliciting e-mails to generate new spam litigation.

    The Court rejects Member Source's contention that the e-mail addresses themselves should not be protected. Even inactive accounts may be the target of spam. Furthermore, Member Source has presented no evidence to support its claim that ASIS has been publishing its e-mail addresses in

the hopes of being spammed. The email addresses are thus protectible. The Court, however, agrees with ASIS that only the e-mail addresses themselves appear to be protectible, and not the other parts of the e-mails at issue.

The only question remaining for the Court is whether it should require ASIS to publicly file the e-mails at issue with redactions for the e-mail addresses. At this juncture, the Court shall not order ASIS to do so. There are some 5,000 e-mails at issue and to require ASIS to incur the cost of printing out and redacting the e-mails serves little purpose, at least for purposes of the motion to stay that the Court will hear shortly. However, the Court forewarns ASIS that, at some point in this litigation, particularly if the case is not stayed, it will likely have to undertake that task, *e.g.*, in conjunction with the anticipated Member Source motion for summary judgment based on lack of standing. Civ. L.R. 79-5 requires that sealing order be narrowly tailored, covering only those portion of documents deserving of confidentiality.

Accordingly, the Court **GRANTS** ASIS's motion to file under seal. In addition, the Court **STRIKES** from the record the reply brief filed by ASIS in support of its motion to file under seal. The Civil Local Rules do not provide an opportunity for a reply brief with respect to administrative motions. *See* Civ. L.R. 7-11(c) ("Unless otherwise ordered, a Motion for Administrative Relief is deemed submitted for immediate determination without hearing on the day after the opposition is due.").

This order disposes of Docket No. 43.

IT IS SO ORDERED.

Dated: August 22, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

2