United States District Court

For the Northern District of California

1

2

3

4

5 UNITED STATES DISTRICT COURT

6 NORTHERN DISTRICT OF CALIFORNIA

7

8 ASIS INTERNET SERVICES,                          No. C-08-1321 EMC

9            Plaintiff,

10    v.                                           **ORDER GRANTING DEFENDANT'S**
                                                   **MOTION TO STAY CASE**
11 MEMBER SOURCE MEDIA, LLC,                       **(Docket No. 37)**

12            Defendant.
_____/
13

14

15        Defendant Member Source Media LLC has moved the Court to stay proceedings in this case

16 pending the resolution of the appeal in *ASIS Internet Services v. Azoogle.com, Inc.*, No. 08-15979

17 (9th Cir.).  Plaintiff ASIS Internet Services opposes a stay.  Having considered the parties' briefs and

18 accompanying submissions, as well as the oral argument of counsel and all other evidence of record,

19 the Court hereby conditionally **GRANTS** Member Source's motion.

20                                    **I.    DISCUSSION**

21 A.    Legal Standard

22        As a preliminary matter, the Court must determine what the proper legal standard is when

23 there is a request to stay proceedings pending an appeal in a different case.  The Court agrees with

24 Member Source that "[a] district court has discretionary power to stay proceedings in its own court

25 under *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)."  *Lockyer v. State of Cal.*, 398 F.3d

26 1098, 1109 (9th Cir. 2005).

27

28

**United States District Court**

For the Northern District of California

The Court rejects ASIS's contention that *Landis* and its progeny are no longer good law. The Ninth Circuit has affirmed the validity of *Landis* stays in opinions issued within the past year. *See, e.g.*, *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059 (9th Cir. 2007). Moreover, the case law cited by ASIS is not on point.  All of ASIS's cases concern a request for a stay of a district court's judgment or order pending appeal.[1]  That is not the issue here.  The issue here is whether the Court should stay the proceedings -- not a judgment or order already obtained -- pending an appeal or other disposition of a different case.  *Landis* sets forth the appropriate standard for a stay in these circumstances.

In assessing the propriety of a stay under *Landis*, a court must balance the length of the delay against the justifications for the stay.  *See Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000).  More particularly, the court must examine

> the competing interests which will be affected by the granting or refusal to grant a stay . . . .  Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer*, 398 F.3d at 1110 (internal quotation marks omitted).

The Ninth Circuit has enunciated a number of more specific legal principles.  First, "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court."  *Lockyer*, 398 F.3d at 1111 (internal quotation marks omitted); *see also Dependable Highway*, 498 F.3d at 1066 (noting that, "[g]enerally, stays should not be indefinite in nature"); *Asustek*, 2007 U.S. Dist. LEXIS 86302, at *7 (stating that "a stay pending appeal is of dubious character and may result in indefinite delay").  Second, the Ninth Circuit has recognized that, "'if there is even a fair possibility that [a] stay . . . will work damage to some one else, the stay may be inappropriate absent a showing by the moving

---

[1] *See Hilton v. Braunskill*, 481 U.S. 770, 772 (1987) (addressing what factors should be considered by a court "in determining whether to release a state prisoner pending appeal of a district court order granting habeas relief"); *Lopez v. Heckler*, 713 F.2d 1432, 1436 (9th Cir. 1983) (addressing a request for a stay of a preliminary injunction pending appeal); *Golden Gate Restaurant Association v. City & County of San Francisco*, 512 F.3d 1112, 1114 (9th Cir. 2008) (addressing a request to stay a judgment pending appeal).

United States District Court

For the Northern District of California

party of 'hardship or inequity.'" *Dependable Highway*, 498 F.3d at 1066. "[B]eing required to defend a suit, without more, does not constitute a clear case of hardship or inequity . . . ." *Dister v. Apple-Bay E., Inc.*, No. C 07-01377 SBA, 2007 U.S. Dist. LEXIS 86839, at *11-12 (N.D. Cal. Nov. 15, 2007) (internal quotation marks omitted); *see also Dependable Highway*, 498 F.3d at 1066 (stating the same).

B.     Length of Stay

        A stay during the pendency of the *Azoogle* appeal can be expected to last approximately one year. The Administrative Office of the U.S. Courts indicates that the median time for an appeal in the Ninth Circuit to be resolved is 17.4 months. *See* Judicial Business of the United States Courts, 2007 Annual Report of the Director (Table B-4). The *Azoogle* notice of appeal was filed in April 2008, and the opening brief has already been filed. There does not appear to be anything extraordinary about this case that is likely to prolong the appeal.

C.     Judicial Economy

        As Member Source argues, a stay of proceedings pending the appeal of the *Azoogle.com* case may well promote judicial economy. If the Ninth Circuit adopts the strict standard for standing that the district court in the *Azoogle.com* case applied, the case at bar will likely be dismissed. Even if ASIS were to succeed on the standing issue, the Ninth Circuit will likely provide clarity as to the proper legal standard for standing. Moreover, the Ninth Circuit is also likely to provide guidance on the issue of conscious avoidance under the CAN-SPAM Act.

D.     Hardships to Parties

        In its motion, Member Source claims that it will suffer a hardship without a stay largely because of the cost of litigating this case, which could be substantial given the potentially expansive discovery that would ensue. The problem with this argument is that, as noted above, "being required to defend a suit, without more, does not constitute a clear case of hardship or inequity." *Dister*, 2007 U.S. Dist. LEXIS 86839, at *11-12 (internal quotation marks omitted); *see also Dependable Highway*, 498 F.3d at 1066 (stating the same).

        Member Source's failure to establish a "clear case of hardship," however, is not dispositive. Such a showing need be made by the party seeking the stay only if the party opposing the stay first

1   demonstrates that there is a "fair possibility" that a stay will cause it injury.  *See Dependable*

2   *Highway*, 498 F.3d at 1066 (stating that, "'if there is even a fair possibility that [a] stay . . . will work

3   damage to some one else, the stay may be inappropriate absent a showing by the moving party of

4   'hardship or inequity'").  The threshold question for the Court, therefore, is whether ASIS has made

5   an initial showing that there is a "fair possibility" that it will be injured by a stay.

6          In its brief, ASIS largely focuses on litigation-related injury, noting, for example, that, if a

7   stay were imposed, evidence may be lost, it would not be able to add new defendants to the case, and

8   that it would not be able to conduct discovery to obtain information about the identity of Member

9   Source's affiliates or to determine whether new e-mails sent on behalf of an entity called Vantage

10  Interactive, LLC, were actually sent on behalf of Member Source.

11         However, litigation-related injury is not the type of injury that would justify shifting the

12  burden to Member Source to demonstrate a "clear case of hardship or inequity."  The Ninth Circuit

13  has held that where a plaintiff seeks only "damages for past harm," *Lockyer*, 398 F.3d at 1112 -- and

14  thus, the only injury from a stay would be a delay in monetary recovery -- there is not a sufficient

15  basis to deny a stay.  *See id.* at 1110 (noting that, in *CMAX, Inc. V. Hall*, 300 F.2d 265 (9th Cir.

16  1962), a district court's decision to stay was upheld in large part because "CMAX sought only

17  damages" and did not allege any continuing harm or seek any injunctive or declaratory relief; stating

18  that "[d]elay of CMAX's suit would result, at worst, in delay in its monetary recovery").  Such an

19  injury stands in contrast to cases where a stay would result prospectively in harm such as real market

20  injury (*Lockyer*, 398 F.3d at 1112) or prolonged deprivation of liberty (*Yong*, 208 F.3d 1116).

21         In the case at bar, ASIS has failed to establish the stay will result in any real business injury.

22  Its only claimed injury relates to its ability to recover statutory, not actual, damages under the CAN-

23  SPAM Act.  As this Court has already found, this lawsuit is part of a business plan centered on a

24  litigation strategy to recovery statutory damages, independent of ASIS's internet business.

25         Not only is the nature of the claimed injury purely monetary, and not based even on actual

26  damages, but the magnitude of the injury (ASIS's ability to recover statutory damages) is also

27  substantially mitigated in this case.  Member Source has agreed to respond to discovery related to

28  the 5,000 e-mails which gave rise to this suit and that it will not oppose ASIS's limited third-party

4

United States District Court

For the Northern District of California

1    discovery in order to ensure that ephemeral electronic evidence is not destroyed.[2]  Any stay issued

2    by this Court would incorporate these exceptions.  Also, as the Court stated at the hearing, ASIS's

3    request that it be permitted to amend its complaint to add new defendants to the case (*i.e.*, Member

4    Source's affiliates) so that these defendants may be subjected to a preservation order is reasonable

5    and will be permitted.

6         ASIS also claims that it could be injured by a stay because Member Source might well be out

7    of business in two years, thus making any recovery impossible.  This argument has no merit.  ASIS

8    has no evidence to back up its claim that Member Source might be out of business in two years.

9    Although ASIS states in its brief that the "typical SPAMMER starts a company, uses it for a short

10   time until the industry identifies them, and then abandons that corporate identity for a new corporate

11   name," Opp'n at 18, it cites no authority to support the statement.

12        To the extent ASIS argues the stay would subject it to the continuing harm of spam caused

13   by Member Source, a harm sought to be addressed by Congress in enacting the CAN-SPAM, that

14   potential harm is largely obviated by the conditions of a stay to which Member Source has agreed.

15   Member Source has agreed to add ASIS's domain names to its own suppression lists and instruct its

16   affiliates to add ASIS's domain names to their suppression lists.  Moreover, Member Source is

17   already subject to an FTC injunction.  Furthermore, ASIS employs a spam filter that has been

18   effective.[3]

19                          **II.   CONCLUSION**

20        With these conditions, the balance of hardships together with considerations of judicial

21   economy weigh heavily in favor of a stay.  Consistent with *Landis* and *Lockyer*, the Court therefore

22   conditionally grants Member Source's request for a stay of proceedings in the instant case.  The

23   granting of the motion is conditioned on Member Source's agreement to take steps to ensure that

24   SPAM is not sent to ASIS accounts and to facilitate the preservation of evidence and party

25   _____

26        [2] As a party to the litigation, Member Source already has an obligation to ensure that relevant
     evidence is preserved and not destroyed.

27        [3] ASIS has a third party, Postini, provide spam-filtering services.  There does not appear to be
28   any dispute that ASIS has been paying Postini for this service because of the problem of spam in
     general, and not because of Member Source's conduct, or the conduct of its affiliates, specifically.

participation should this litigation proceed after the stay.  The Court instructs the parties to meet and confer to determine what specific steps shall be taken and what limited activity shall be permitted as exceptions to the stay of the proceedings.  The parties shall submit a joint proposed stipulation by September 12, 2008, outlining with specificity what those steps and limited activity should be.

If the *Azoogle.com* appeal is resolved before one year has expired (from the date of this order), then ASIS may ask the Court to lift the stay.  If the *Azoogle.com* appeal has not been resolved within a year, then the parties shall file a joint status conference statement to inform the Court where appeal proceedings are and to state their positions as to whether a stay should be continued (and if so why and for how long).  The joint status conference statement shall be filed by September 9, 2009, and a hearing shall be held on September 16, 2009.

For the foregoing reasons, Member Source's motion to stay is conditionally granted.

This order disposes of Docket No. 37.


IT IS SO ORDERED.


Dated:  September 8, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge