UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIS INTERNET SERVICES, | No. C-08-1321 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CAN-SPAM CLAIM** |
| MEMBER SOURCE MEDIA, LLC, | |
| Defendant. | |
| _____/ | |

    Plaintiff ASIS Internet Services has filed suit against Defendant Member Source Media, LLC for violation of the federal CAN-SPAM Act of 2003 and violation of California Business & Professions Code § 17529.5. Previously, the Court stayed litigation of this case pending the resolution of the appeal in *ASIS Internet Services v. Azoogle.com, Inc.*, No. 08-15979 (9th Cir.). As in this case, the main issue in *Azoogle* was whether ASIS had standing to assert the CAN-SPAM claim. *See* Docket No. 53 (order, filed on 9/8/2008). On December 2, 2009, the Ninth Circuit issued its decision in the *Azoogle* case. *See ASIS Internet Servs. v. Azoogle.com, Inc.*, Nos. 08-15979, 08-177792009 U.S. App. LEXIS 26232 (9th Cir. 2009).

    At a status conference on January 27, 2009, the Court accepted an oral motion made by Member Source that, based on the *Azoogle* decision and the decision of the Ninth Circuit in *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040 (9th Cir. 2009), the CAN-SPAM claim should be dismissed with prejudice for lack of standing. In response, ASIS admitted that the evidence it would offer in support of standing in this case would be no different from that it offered in *Azoogle*. ASIS also

admitted that the Ninth Circuit's analysis in *Azoogle* would apply to the instant case but argued that *Azoogle* effectively gutted the CAN-SPAM Act because no internet service provider ("ISP") would ever be able to point to a specific e-mail that caused it harm. ASIS further argued that it believed the Ninth Circuit's decision in *Gordon* was ambiguous and that Judge Henderson's analysis in *Asis Internet Servs. v. Active Response Group*, No. C07 6211 TEH, 2008 U.S. Dist. LEXIS 60535 (N.D. Cal. July 30, 2008), was most persuasive.[1]

Having considered the parties' arguments and the cases cited, the Court concludes that Member Source has the better argument. Although *Azoogle* is not binding authority because it is an unpublished decision, it is still persuasive authority and, having been issued by the Ninth Circuit, must be given more weight than *Active Response Group*. Also, the Ninth Circuit's decision in *Gordon* -- while it does not cover each and every instance in which there is standing under the CAN-SPAM Act -- cannot be characterized as ambiguous. The Ninth Circuit clearly stated that, in order for an ISP to have standing, the harm it suffered must be "something beyond the mere annoyance of spam and greater than the negligible burdens typically borne by an IAS provider in the ordinary course of business." *Gordon*, 575 F.3d at 1054. While the Ninth Circuit in *Gordon* left open the question of whether a plaintiff in a CAN-SPAM case "must allege and prove that the defendant's particular e-mails caused ISP-type harms," *id.* at 1054 n.12, ASIS does not seek an opportunity to assert new allegations or present evidence it contends would satisfy *Gordon*. Instead, it contends that *Gordon* and *Azoogle* were wrongly decided.

Given the Ninth Circuit's decision and ASIS's concession that the allegations here do not establish standing thereunder, the Court dismisses with prejudice the CAN-SPAM claim.

IT IS SO ORDERED.

Dated: January 28, 2010

EDWARD M. CHEN
United States Magistrate Judge

---

[1] Of course, Judge Henderson's decision in *Active Response Group* preceded the Ninth Circuit's decisions in *Azoogle* and *Gordon*.